**UNITED STATES of America, Appellee,**

v.

**Olivia MORA, also known as Maria Tapea, Defendant–Appellant.**

**No. 1522, Docket 93–1058.**

United States Court of Appeals, Second Circuit.

Argued May 26, 1993.

Decided April 6, 1994.

---

410

Marjorie M. Smith, New York City (The Legal Aid Soc., Federal Defender Services Unit), for appellant.

Judith Lieb, Asst. U.S. Atty., E.D.N.Y. (Mary Jo White, U.S. Atty., E.D.N.Y., Susan Corkery, Asst. U.S. Atty., E.D.N.Y., of counsel), for appellee.

Before: NEWMAN, Chief Judge, FEINBERG, Circuit Judge, and KELLEHER,* District Judge.

KELLEHER, District Judge:

This appeal concerns the statutorily authorized terms of supervised release for those convicted of drug offenses under 21 U.S.C. § 841(b)(1)(B).

Olivia Mora appeals from the January 8, 1993, judgment of the District Court for the Eastern District of New York (Reena Raggi,

* Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation.

Judge) convicting her after a plea of guilty to possession of heroin with intent to distribute and imposing a sentence that includes a lifetime term of supervised release. Her appeal challenges the propriety of this extended term of release. The sentence imposed was an upward departure from the provisions of the *general* statute establishing supervised release terms, 18 U.S.C. § 3583(b) (Supp. 1994), which provides a five year maximum period of supervised release for Class A and Class B felonies. However, the statute establishing *drug offense penalties,* 21 U.S.C. § 841(b)(1)(B) (Supp.1993), provides that for offenses above stated minimum quantities, a sentence must include a supervised release term of at least four years, apparently indicating that a longer term is permissible. We must determine whether the provisions of this drug-specific statute permit the imposition of a supervised release term that exceeds the maximum term set forth in the general statute governing supervised release.

In *United States v. Eng,* 14 F.3d 165 (2d Cir.1994) we concluded that Congress intended the sentencing authority granted in section 841(b)(1)(A) to override the limitations in section 3583(b). Because the same reasoning applies to Mora's case, we hold that the upward departure here was authorized by statute. However, we further hold that the magnitude of the departure was unreasonable. Accordingly, we reverse.

### Background

Mora was arrested on July 29, 1992, with 125 grams of heroin in her possession. This was intended to be the first installment of a 500 gram sale to a confidential informant. At the time of her arrest, Mora was on special parole, having been previously convicted of importing heroin into the United States, for which she served four years in federal prison. Mora was released approximately eighteen months prior to committing this offense.

On October 9, 1992, Mora plead guilty to a one-count indictment charging possession of heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i).[1] Pursuant to the plea agreement, the Government agreed not to file a felony information pursuant to 21 U.S.C. § 851.[2] As a result, Mora faced a period of incarceration of 70–87 months,[3] to be followed by a supervised release term of "at least 4 years." 21 U.S.C. 841(b)(1)(B) (Supp.1993).

Judge Raggi sentenced Mora to 84 months imprisonment. Judge Raggi also indicated that she was considering an upward departure in the term of supervised release because Mora had committed the second narcotics offense within two years of her prior offense. She stated that she believed the Sentencing Commission had failed to consider the need for terms of supervised release in excess of five years "to deal with the problem of recidivism." She further stated that she believed there was no statutory maximum to the term of supervised release for drug offenses. After hearing argument on the proposed departure, Judge Raggi again expressed her dismay with Mora's failure to have learned from her recent incarceration, evidenced by her second narcotics crime. As a result, she sentenced Mora to a lifetime term of supervised release and stated: "if she does indeed learn from this term of incarceration and does not engage in further drug trafficking, there will be no need for her to deal with this Court again. But if there is

1. For a person convicted of a prior narcotics offense, section 841(b)(1)(B)(i) prescribes enhanced penalties in the event the government files an information with the court, pursuant to 21 U.S.C. § 851, stating the previous convictions relied upon.

2. Had the Government filed the information, the term of imprisonment would have ranged from ten years to life, with a required term of supervised release of "at least 8 years." 21 U.S.C. 841(b)(1)(B) (Supp.1993).

3. The Probation Department calculated Mora's base offense level as 28, based on 500 grams of heroin, U.S.S.G. § 2D1.1(c)(8), and recommended a three point downward adjustment for acceptance of responsibility, U.S.S.G. § 3E1.1(b), producing an offense level of 25. The Department also assigned Mora six criminal history points; three for the prior conviction, two for committing the offense while on parole, and one for committing the offense less than two years from being released. U.S.S.G. §§ 4A1.1(a), (d), and (e). This placed Mora in Criminal History Category III which sets the applicable range of imprisonment at 70–87 months.

anything akin to this again, I intend to incarcerate Ms. Mora for the rest of her life and that will put an end to her drug trafficking."

## Discussion

### I. Life Term of Supervised Release Authorized by Statute

■ In *United States v. Eng*, 14 F.3d 165 (2d Cir.1994) we addressed the issue of whether a life term of supervised release violates 18 U.S.C. § 3583(b)(1), which sets a maximum supervised release term of five years for Class A or B felonies, "[e]xcept as otherwise provided." The problem was reconciling the supervised release maximums of section 3583(b) with the supervised release terms allowed under section 841(b). We noted that there are three variations of the problem. The first variation occurs where section 841(b) provides a minimum term of supervised release that is *less than* the maximum term of supervised release specified in section 3583(b). This is the situation we confront in this appeal, as Mora faces a four-year supervised release minimum under section 841(b)(1)(B) and a five-year supervised release maximum under section 3583(b)(1) for committing a Class B felony. The second variation, as was the case in *Eng*, arises where the minimum term specified in section 841(b) is the *same as* the maximum term specified in section 3583(b).[4] The third variation occurs where section 841(b) provides a minimum term of supervised release that is *more than* the maximum specified in section 3583(b).[5]

The maximum terms of supervised release set forth in section 3583(b) apply unless other statutes provide otherwise. 18 U.S.C. § 3583(b) (1988) ("Except as otherwise provided, the authorized terms of supervised release are . . ."). In reconciling this provision with section 841(b), we stated in dicta that cases in the third category "clearly fall under the 'except as otherwise provided' exception to the general maximum of section 3583(b) because they *require* a supervised release term higher than the maximum al-

lowed by section 3583(b)." *Eng*, 14 F.3d at 172. Likewise, we held that cases in the second category also fall under the exception to the section 3583(b) maximums, since section 841(b) authorizes *at least* five years of supervised release. *Id.* at 172. In so holding, we relied on the fact that the supervised release terms authorized by Congress for drug offenses, including terms under section 841, were *added* in the same statute that amended section 3583(b) with the "[e]xcept as otherwise provided" language. *Id.* Therefore, we believe that because Congress intended to enhance the penalties available to combat drug offenses, Congress must have intended these penalties to override the maximums set by section 3583(b) because it simultaneously amended the section to add the phrase "[e]xcept as otherwise provided." *Id.*

The question now presented is whether the first category of cases, which includes Mora's situation, also fits within the "[e]xcept as otherwise provided" exception to section 3583(b). We hold that it does. Mora was convicted under 21 U.S.C. § 841(b)(1)(B), subjecting her to "at least four years" for committing a Class B felony. In order to further Congress' intent to enhance drug offense penalties, as evidenced by its enactment of the Narcotics Penalties and Enforcement Act of 1986, a sentencing judge may, where circumstances warrant, impose a supervised release term ranging from the minimum specified in the statute up to the life of the defendant, notwithstanding the limits of section 3583(b). Accordingly, we hold that the District Court did not violate 18 U.S.C. § 3583(b) when it imposed a lifetime term of supervised release following Mora's term of imprisonment. The only question remaining is whether Judge Raggi's departure was warranted.

### II. Propriety of Departure to Life Term of Supervised Release

#### A. Improper Procedure Claim

■ Mora, relying on *United States v. Marquez*, 941 F.2d 60 (2d Cir.1991), contends

---

4. Eng was sentenced for a Class A felony under section 841(b)(1)(A), and was thus subject (as a first time offender) to a minimum supervised release term of five years and to a maximum term also of five years (for a class A offense) under section 3583(b).

5. For example, when a defendant has a prior conviction, section 841(b)(1)(A) sets the minimum supervised release term at ten years and section 841(b)(1)(B) sets the minimum at eight years, both above the five year maximum of section 3583(b).

that because Judge Raggi failed to consider any incremental increase in the term of supervised release, and instead simply increased the term from the five year maximum to a lifetime term, the departure was procedurally flawed. In *United States v. Kim*, 896 F.2d 678 (2d Cir.1990), we held that a District Court, contemplating an upward departure in offense level or criminal history category, should "consider the next higher levels in sequence to determine if they adequately reflect the seriousness of defendant's conduct." *Id.* at 685. This incremental approach was extended to departures in the term of supervised release in *Marquez*, 941 F.2d 60 (2d Cir.1991), although we indicated that "there is no guide for departures as to terms of supervised release comparable to the precise measures provided for departures as to terms of imprisonment." *Id.* at 64.

As Mora contends, Judge Raggi did not explicitly address whether a lesser departure in the term of supervised release would be sufficient. However, to the extent *Kim* and *Marquez* can be interpreted to require such explicit consideration, this Court has retreated from such a mechanistic view. Instead, we have indicated that District Courts must only "make clear on the record how the court determined the magnitude of the departure." *United States v. Campbell*, 967 F.2d 20, 27 (2d Cir.1992).

Judge Raggi explained on the record that a life term of supervised release was appropriate in Mora's case because she had committed a second narcotics offense involving a significant quantity of heroin, in less than two years after her release from prison. Further, she stated that Mora's "failure to have learned anything from four years incarceration for narcotics trafficking suggests to me a lack of rehabilitation that presents a real and serious risk to society." Thus, Judge Raggi adequately articulated the reasons for the extent of the Court's departure. Accordingly, we find that the lifetime term of

supervised release term thereby imposed was procedurally valid.

**B. Reasonableness of Departure Claim**

■ This Court reviews upward departures under a reasonableness standard. *United States v. Stephenson*, 921 F.2d 438, 441 (2d Cir.1990). Therefore, once the District Court states a reason for the magnitude of its departure, "the only question that remains is whether the departure is reasonable in light of the justification given." *Campbell*, 967 F.2d at 27.

■ In sentencing Mora, Judge Raggi departed upward from the Guidelines' five-year maximum to impose a life term of supervised release. As a result, Mora faces a constant threat of up to life imprisonment if she commits a third drug offense.[6] Judge Raggi based the departure on her belief that the Sentencing Commission failed to take into account the serious problem of drug offender recidivism when formulating the supervised release guidelines.

Mora contends that Judge Raggi's reason for departing upward was invalid on two grounds. First, Mora argues that no departure in supervised release for recidivism is appropriate. Second, Mora asserts that the explanation given by Judge Raggi did not justify the magnitude of departure in her case.

■ A sentencing judge may depart from the Guidelines' range when "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b) (Supp.1994); U.S.S.G. § 5K2.0. This authority applies to terms of supervised release just as it does to terms of imprisonment. *Marquez*, 941 F.2d at 64.

Mora argues that because the Sentencing Commission specifically considered the need to impose increased punishment on recidivist

---

**6.** Mora is an illegal alien, and will most likely be deported after she serves her prison term. Thus, she will not actually receive the supervision that supervised release is designed to provide. Instead, the consequence of Mora's post-incarceration sentence is that if she re-enters the country,

the District Court may impose a life term of imprisonment upon finding by a preponderance of the evidence that Mora possessed any controlled substance. *See* 18 U.S.C. § 3583(g) (1988).

drug traffickers in its criminal history categories, that concern should not also factor into the term of supervised release. In general, issues of recidivism in sentencing are dealt with through the criminal history categories. *See Campbell,* 967 F.2d at 24; U.S.S.G. Ch. 4, Pt. A, intro, comment. However, we have hesitated to draw negative inferences of the type suggested by Mora.[7] Moreover, the Sentencing Reform Act instructs courts to consider such factors as "the history and characteristics of the defendants," and the need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (a)(2)(c) (1985). Accordingly, we find that the District Court was entitled to depart from the Guidelines' range in order to craft a sentence that appropriately considered Mora's potential for recidivism and the perceived threat she posed to society.

 Nonetheless, the magnitude of the departure, a lifetime term of supervised release, was unreasonable. It is true that Mora was arrested for engaging in drug trafficking only a year and a half after having served a four-year prison term for importing heroin into the United States. This evidence alone suggests a high probability of future recidivism on Mora's part. However, the District Court made no further findings which distinguished Mora from any other recidivist that might justify imposing a lifetime term of supervised release in this instance. Instead, Judge Raggi mandated the term simply because Mora committed two offenses in a short span of time, and because the Court hoped to deter future misconduct. Such broad reasoning could justify departing upward to a life term of supervised release in all cases of recent recidivism by drug offenders, particularly because District Courts must avoid disparity when sentencing defendants with similar records who are found guilty of similar conduct. *See* 18 U.S.C. § 3553(a)(6) (Supp.1994). It is difficult to understand why a life term of supervised release is reasonable for a defendant who is no different from any other recidivist, where

she has already received a significantly greater term of imprisonment as a result of her prior offense and will face greatly enhanced penalties if she commits another crime. Therefore, we find that the District Court's upward departure to a life term of supervised release based solely on Mora's recidivism was unreasonable.

### Conclusion

Accordingly, the supervised release portion of Mora's sentence is reversed and the matter is remanded to the District Court for reimposition of sentence.

So Ordered.

---

7. *See United States v. Speenburgh,* 990 F.2d 72, 76 (2d Cir.1993) ("The authority for an adjustment does not inevitably carry the negative implication that facts that fail to qualify for the adjustment are ineligible for a departure."). We express no view as to the sentence that might appropriately be imposed in the event of a violation of supervised release. *See* U.S.S.G. § 7B1.4.