# United States Court of Appeals
## For the First Circuit

No. 16-1981

UNITED STATES OF AMERICA,

Appellee,

v.

FORREST T. GOODWIN, JR.,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Torruella, Lynch, and Kayatta,
Circuit Judges.

Jeffrey W. Langholtz, by appointment of the court, on brief for appellant.

Renée M. Bunker, Assistant United States Attorney, and Richard W. Murphy, Acting United States Attorney, on brief for appellee.

August 8, 2017

LYNCH, **Circuit Judge**.  After his conviction in 2012 for acting as an accessory after the fact to an armed credit union robbery, Forrest Goodwin was sentenced to forty-two months' imprisonment, to be followed by three years of supervised release subject to standard and special conditions.  During the period of supervised release, Goodwin repeatedly violated release conditions pertaining to substance abuse.  In 2016, he was arrested, and the U.S. Probation Office filed a petition for revocation of his supervised release.  At the revocation hearing, the district court sentenced Goodwin to ten months' imprisonment, to be followed by two years of supervised release subject to the same previously imposed conditions.  On appeal from the revocation sentence, Goodwin challenges the term and the substance-abuse-related conditions of his supervised release sentence.  We affirm.

I.

In June 2012, Goodwin was found guilty of acting as an accessory after the fact to an armed credit union robbery.  There was trial evidence that Goodwin used the robbery proceeds to purchase drugs.  Goodwin's presentence investigation report ("PSR") for the robbery offense disclosed a history of substance abuse and drug-related prior convictions.  Adopting the PSR's guidelines sentencing range of thirty-seven to forty-six months, the district court sentenced Goodwin to forty-two months' imprisonment, to be followed by three years of supervision.  Among

other conditions for release, the court mandated that Goodwin not use or possess any controlled substance, alcohol, or other intoxicant; that he participate in a substance-abuse treatment program; and that he report to his probation officer for testing.

Goodwin was released from prison in December 2014, but arrested again in May 2016 following his repeated violations of supervised-release conditions. The Revocation Report carefully described the many instances of Goodwin's continued drug use, failure to report for testing, and refusal to submit to further testing. The report also noted that Goodwin made statements to his probation officer denying that he had a drug-addiction problem. At the revocation hearing, Goodwin admitted to all of these violations. Goodwin's counsel explained, there is "no question that [Goodwin] is addicted to opiate drugs"; "[i]f given [a] second chance, [Goodwin] understands that he now needs to work with, and not against, his probation officer"; "[Goodwin] is in agreement with the 24-month term of supervised release" and "understands that basically he needs to do all of his supervised release over again"; and "really what [Goodwin] has is a drug problem and he's trying to address it."

The district court remembered Goodwin's case "extremely well," having presided over Goodwin's trial and sentencing hearing in 2012. In revoking Goodwin's original supervised release, the court imposed a ten-month prison term, to be followed by two years

of supervised release subject to the same set of previously imposed conditions. The court also imposed a ninety-day period of community confinement as a new special condition of release. The court described post-revocation supervised release as a final "opportunity for change" -- Goodwin's last chance to "cooperate with counseling and treatment" and "conquer [his] drug problem."

Goodwin now challenges this new term of supervision and the substance-abuse-related requirements. Goodwin argues that the district court committed plain error because (1) supervised release will likely fail, given Goodwin's ongoing struggles with substance abuse; and, in any event, (2) the release conditions are not sufficiently related to Goodwin's original robbery offense.

The government disputes that Goodwin's sentence was in error, but also argues as a threshold matter that Goodwin waived his challenges when his counsel stated at the revocation hearing that Goodwin "agree[d] with the 24-month term of supervised release." Goodwin maintains that he forfeited, but did not waive, his objections.

II.

We ordinarily review a district court's revocation sentence, including any conditions of supervised release, for abuse of discretion. United States v. Marino, 833 F.3d 1, 10 (1st Cir. 2016). If the defendant forfeited his claims, we review only for plain error. United States v. York, 357 F.3d 14, 19 (1st Cir.

2004). If the defendant instead affirmatively assented to parts of his sentence, any objections thereto are waived and cannot be resurrected on appeal. United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002). Goodwin has conceded forfeiture but he contests the government's assertion of waiver. We need not address the waiver dispute, however, because the record clearly establishes that the supervised-release component of Goodwin's revocation sentence was not in error.

"When a judge revokes a defendant's supervised-release term, the new sentence may include an additional supervised-release stint . . . ." Marino, 833 F.3d at 10 (citing 18 U.S.C. § 3583(h)). Here, the district court did not abuse its discretion in sentencing Goodwin to a new two-year period of supervision. During his initial term of supervised release, Goodwin flouted his release conditions. In addition, he flatly denied to his probation officer that he had any drug addiction. At the revocation hearing, however, Goodwin requested a "fresh start," and his counsel emphasized that Goodwin was ready to "work with, and not against, his probation officer." After recounting Goodwin's original offense and sentence, as well as the uncontroverted evidence of Goodwin's ongoing struggles with substance abuse, the district court decided to give Goodwin a second chance. In setting the term of supervision for the post-revocation sentence, the court warned that if Goodwin did not seize this opportunity he would

find himself in jail "for a long time." The district court's sentence was eminently reasonable in light of Goodwin's record of recurrent non-compliance and his professed motivation to overcome his drug addiction.

Undermining his own representations to the district court at the revocation hearing, Goodwin now argues that his ongoing substance-abuse problem warrants foregoing any further supervision. His rationale runs counter to the rehabilitative and deterrent ends of supervised release. As the government puts it, "[i]t would seem odd to reward Goodwin for his repeated acts of intransigence, flouting of release conditions and non-compliance with drug-treatment opportunities with a free pass on supervised release altogether."

The cases on which Goodwin relies in seeking to avoid post-revocation supervision are inapposite. United States v. Mora involved reversal of a lifetime term of supervised release (TSR), an unreasonable upward departure that had been imposed on the sole basis of recidivism. See 22 F.3d 409, 413-14 (2d Cir. 1994). Here, the district court imposed a TSR of just two years after taking into account Goodwin's representations at his revocation hearing. United States v. Tsosie generally discusses how district courts have the authority to terminate, revoke, or extend terms of supervision, but nowhere does it suggest that non-compliance warrants foregoing a post-revocation TSR. See 376 F.3d 1210, 1215

(10th Cir. 2004), abrogated in part by Tapia v. United States, 564 U.S. 319 (2011).  As for United States v. Thornhill, it involved a fact-specific assessment that does not have any bearing on Goodwin's case.  See 759 F.3d 299 (3d Cir. 2014).  In Thornhill, the district court opted, at a third round of revocation proceedings, to impose extended incarceration but no new TSR.  See id. at 305-06.  By contrast, Goodwin acknowledged his substance-abuse problem at his first revocation hearing and professed his motivation and readiness to overcome it.

Goodwin separately argues that the supervised-release conditions relating to drug rehabilitation are "insufficiently correlated" to his offense of acting as an accessory after the fact to an armed credit union robbery.  This argument also fails.  As the district court recalled at the revocation hearing, Goodwin's initial offense did bear a connection to his drug addiction: Goodwin immediately used the robbery proceeds to purchase drugs.  Regardless, the Sentencing Guidelines "do not limit district courts to consideration only of the facts of the crime charged."  York, 357 F.3d at 19-20.  Rather, the district court should consider the defendant's history "regardless of the nature of the crime of conviction," and can impose release conditions that are "reasonably related to" any of the permissible goals of supervised release:  "(1)  the  defendant's  offense,  history,  and characteristics; (2) the need to deter the defendant from further

criminal conduct; (3) the need to protect the public from further crimes by the defendant; and (4) the effective educational, vocational, medical, or other correctional treatment of the defendant."  Id. at 20.  The substance-abuse treatment mandated here by the district court serves the correctional purpose of helping Goodwin "conquer [his] drug problem" and avoid criminal conduct that would land him back in jail for a much longer period of time.

III.

The district court committed no error, plain or otherwise.  Accordingly, we affirm Goodwin's sentence.