16-4063-cr
*United States v. Brooks*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2017

(Submitted: December 13, 2017    Decided: May 2, 2018)

Docket No. 16-4063-cr

UNITED STATES OF AMERICA,
*Appellee*,

*- against -*

JAMAAL BROOKS, also known as Marley,
*Defendant-Appellant*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Before:
PARKER, LYNCH, AND CHIN, *Circuit Judges*.

Appeal from a judgment of revocation of supervised release of the

United States District Court for the Southern District of New York (Kaplan, *J.*),

sentencing defendant-appellant, upon his guilty plea, to one year in prison

followed by a life term of supervised release.  Defendant-appellant contends that

his lifetime sentence of supervised release is substantively and procedurally unreasonable.

VACATED IN PART AND REMANDED.

---

Timothy V. Capozzi, Sarah Kathleen Eddy, Anna Skotko, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, New York, *for Appellee.*

Kafahni Nkrumah, Nkrumah Law PLLC, New York, New York, *for Defendant-Appellant.*

---

PER CURIAM:

In this case, defendant-appellant Jamaal Brooks pleaded guilty to distributing and possessing with intent to distribute cocaine and heroin. He was sentenced to 30 months' imprisonment and three years' supervised release.

After he completed his prison sentence and began serving his term of supervised release, Brooks repeatedly tested positive for drugs and failed to report for scheduled drug testing. He eventually pleaded guilty to violating the terms of his supervised release and was sentenced to one year in prison followed by a life term of supervised release.

Brooks now appeals, challenging the district court's imposition of lifetime supervised release as substantively and procedurally unreasonable. For the reasons set forth below, we vacate the sentence in part and remand for further proceedings.

## BACKGROUND

### A.    *Original Offense*

On June 3, 2013, Brooks pleaded guilty to distributing and possessing with intent to distribute cocaine and heroin in violation of 21 U.S.C. §§ 812, 841(a)(1), and 18 U.S.C. § 2, a Class C felony. Brooks faced a statutory maximum of 20 years' imprisonment and a mandatory minimum of three years' supervised release. 21 U.S.C. § 841(b)(1)(C).

Brooks was sentenced on January 16, 2014. He had a Total Offense Level of 13 and criminal history category of IV. In the presentence report ("PSR"), the Probation Office calculated a Guidelines range of imprisonment of 24 to 30 months, and recommended that Brooks receive a Guidelines sentence of 30 months' imprisonment. The Probation Office also recommended that Brooks receive three years' supervised release.

The district court sentenced Brooks to 30 months' imprisonment and three years' supervised release. Judgment was entered February 20, 2014.

**B.    *Violations of Supervised Release***

Brooks was discharged from custody on January 24, 2015. He began to test positive for marijuana approximately two weeks later. After three positive test results, the Probation Office referred Brooks to an outpatient drug treatment program. On May 13, 2015, however, Brooks was arrested and charged in state court with possessing marijuana and a scale bearing cocaine residue. On July 8, 2015, he was arrested again and charged with aggravated unlicensed operation of a motor vehicle.

On June 29, 2016, the Probation Office filed a violation report with the district court alleging that Brooks had violated the terms of his supervised release on at least ten occasions. Following Brooks's arraignment on July 19, 2016, the district court granted adjournments at defense counsel's request, in part to allow for the resolution of the state case underlying certain specifications, and also to provide Brooks with additional time to participate in treatment for his drug addiction.

On October 19, 2016, Brooks pleaded guilty to three of ten specifications of Grade C violations of the terms of his supervised release -- Specifications 5, 6, and 7 -- which consisted of the use of a controlled substance, marijuana, on 14 specified dates; the use of a controlled substance, cocaine, on one specified date; and the failure to report for scheduled drug testing on six specified dates.

At the final revocation hearing, defense counsel noted Brooks's "serious drug problem" as a "huge underlying factor and contributing factor" to his repeated violations of supervised release, for which counsel acknowledged Brooks still needed "some assistance." App. 19-20.

Upon revocation, Brooks faced a maximum statutory sentence of two years' imprisonment. *See* 18 U.S.C. § 3583(e)(3). Although Brooks's original offense was subject to a Guidelines range, his revocation sentence was not. *See* U.S. Sentencing Guidelines Manual, Ch. 7, Pt. A. The Guidelines policy statements for revocation, however, recommended a range of 6 to 12 months' imprisonment for defendants like Brooks with a criminal history category of IV and Grade C violations of supervised release. U.S.S.G. § 7B1.4(a) (2012). As for an additional term of supervised release, the violation report explained that:

> Pursuant to 18 USC 3583(h), if a term of supervised release is revoked and the term of imprisonment is imposed, supervised release not to exceed life can be reimposed as authorized under the original offense, 21 USC 846, 841(a)(1), 841(b)(1)(C), less any term of imprisonment that was imposed upon revocation of supervised release.

Violation Report at 6.

The Probation Office recommended a revocation sentence of 12 months' imprisonment, but did not recommend a specific term of supervised release. At sentencing, the Government asked the court to impose a "guidelines range sentence in the upper end" as "appropriate and no more than necessary." App. 25. The Government did not request a specific term of supervised release.

On November 10, 2015, the district court sentenced Brooks to 12 months' imprisonment and a life term of supervised release. In imposing its sentence, the district court stated that the court, the Probation Office, and the Government had given Brooks "chance after chance after chance," and Brooks had not "been able to muster the strength of character . . . to take advantage of the opportunities." App. 26. The district court acknowledged Brooks's addiction as "beyond [his] control" but credited the Probation Office's exceptional efforts to assist him with that problem, noting that the court "ha[d] not seen anything like it in any other case." App. 25-26.

Additionally, as Brooks had expressed at sentencing his hope to "really get some help for [him]self," the district court advised Brooks that the life term of supervised release was meant to provide him with ongoing access to services and the Probation Office, "for as long as it is useful," to assist with his transition to the community and treat his addiction. App. 21, 27.

This appeal followed.

## DISCUSSION

### A. Supervised Release

Section 3553 provides the framework for sentencing decisions, including the imposition of supervised release. *United States v. Burden*, 860 F.3d 45, 56 (2d Cir. 2017). Section 3553(a) requires the district court, in imposing a sentence, to consider, *inter alia*, "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Section 3583(c) governs the imposition of supervised release and "specifically does not require the district court to consider the factors listed in § 3553(a)(2)(A), all of which go to the seriousness of the defendant's offense." *Burden*, 860 F.3d at 56. Because "supervised release is not, fundamentally, part of the punishment," *United States*

*v. Aldeen*, 792 F.3d 247, 252 (2d Cir. 2015), the omission of the § 3553(a)(2)(A) factors accords with the purpose of supervised release, which is to "fulfill[ ] rehabilitative ends, distinct from those served by incarceration," *United States v. Johnson*, 529 U.S. 53, 59 (2000); *see also United States v. Granderson*, 511 U.S. 39, 50 (1994) ("Supervised release . . . is not a punishment in lieu of incarceration.").

In imposing a term of supervised release, the district court is required to consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the need for the sentence imposed to "protect the public from further crimes of the defendant" and "provide the defendant with needed . . . training, medical care, or other correctional treatment," 18 U.S.C. § 3553(a)(2)(C)-(D); "the applicable guidelines or policy statements issued by the Sentencing Commission," 18 U.S.C. § 3553(a)(4)(B); and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6).

Section 3583(b) sets forth the maximum terms of supervised release a court may impose, unless a statute "otherwise provide[s]" a different term. 18 U.S.C. § 3583(b)(2); *see United States v. Mora*, 22 F.3d 409, 412 (2d Cir. 1994). For a

Class C felony, the statutory maximum term of supervised release is three years. 18 U.S.C. § 3583(b). As discussed above, however, Brooks's offense statute provided a mandatory minimum of three years' supervised release. *See* 21 U.S.C. § 841(b)(1)(C). We have interpreted the presence of a mandatory minimum term in 18 U.S.C. § 841(b), without a maximum, to allow the district court to impose up to lifetime supervised release notwithstanding the limits of section 3583(b). *See United States v. Cassesse*, 685 F.3d 186, 189 (2d Cir. 2012); *Mora*, 22 F.3d at 412.

The Sentencing Commission has promulgated Guidelines for supervised release. *See* U.S.S.G. § 5D1.2. For a Class C felony, the Guidelines recommend a term of at least one year but no more than three years. U.S.S.G. § 5D1.2(a)(2). Brooks's applicable Guidelines range was also three years' supervised release, the mandatory minimum for his offense. *See* U.S.S.G. § 5D1.2, cmt. 6 (explaining how a statutorily required minimum term of supervised release affects the term of supervised release provided by the guidelines).

**B.** *Revocation of Supervised Release*

Sentencing for violations of supervised release is governed by 18 U.S.C. § 3583. When a defendant violates the terms of his supervised release, the

district court may revoke a term of supervised release, and require the defendant to serve a term of imprisonment. 18 U.S.C. § 3583(e)(3). Upon revocation, the district court may not impose a term of imprisonment greater than the statutory maximum terms set forth in 18 U.S.C. § 3583(e)(3). If the underlying offense that led to the supervised release term was a Class C felony, the maximum is two years' imprisonment. 18 U.S.C. § 3583(e)(3).

The Sentencing Commission has only issued policy statements for terms of imprisonment after revocation, which classify violations, U.S.S.G. § 7B1.3, and recommend applicable sentencing ranges, U.S.S.G. § 7B1.4. As noted above, for Brooks's violations, the applicable range was 6 to 12 months' imprisonment, with a statutory maximum of two years. U.S.S.G. § 7B1.4(a).

After revoking a defendant's supervised release, the district court is also authorized to impose an additional term of supervised release that does not exceed the maximum term authorized by the underlying offense. 18 U.S.C. § 3583(h).[1] The district court is required to consider the same set of factors as

---

[1]     The revocation statute was originally silent on the question of whether a renewed term of supervised release may be imposed in addition to a prison term. *See Cassesse*, 685 F.3d at 189. In 1994, Congress amended the provisions to provide explicitly that a renewed term of supervised release may be imposed for a supervised release violation. *See* Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 110505, 108 Stat. 1796, 2017, *codified at* 18 U.S.C. § 3583(h).

those it must consider when imposing supervised release for the underlying

offense. *See Burden*, 860 F.3d at 56 ("Like 18 U.S.C. § 3583(c), § 3583(e) omits

§ 3553(a)(2)(A) from the list of § 3553(a) factors that courts are instructed to

consider in . . . revoking supervised release.").

The Sentencing Commission has not issued separate policy

statements for terms of supervised release upon revocation. *See* U.S.S.G.

§ 7B1.3(g)(2) (providing only that a court may impose new term of supervised

that "shall not exceed the term of supervised release authorized by statute" for

the underlying offense). As discussed above, Brooks's offense statute authorized

up to lifetime supervised release upon revocation.

C.    *Sentencing Review*

Brooks challenges the substantive and procedural reasonableness of

his sentence. We review the reasonableness of a sentence under a "deferential

abuse-of-discretion standard." *Aldeen*, 792 F.3d at 251 (quoting *Gall v. United

States*, 552 U.S. 38, 41 (2007)). Sentences for violations of supervised release are

reviewed under "the same standard as for sentencing generally: whether the

sentence imposed is reasonable." *United States v. McNeil*, 415 F.3d 273, 277 (2d

Cir. 2005); *see also United States v. Hargrove*, 497 F.3d 256, 260 (2d Cir. 2007) ("[T]he

standard of review that we use to evaluate a sentence pursuant to a policy statement . . . [is] simply one of 'reasonableness,' the latter being the same standard of review for all sentences.").

District judges are given considerable discretion in fashioning the proper sentence for criminal defendants. *Cavera,* 550 F.3d at 188. This discretion extends to sentences imposed for violations of supervised release, including the imposition of additional terms of supervised release. *See Aldeen*, 792 F.3d at 251-52.

Still, supervised release is itself a serious sanction that imposes significant limitations on a defendant's liberty. *See United States v. Reyes*, 283 F.3d 446, 461 (2d Cir. 2002) (the imposition of supervised release requires a defendant to "comply with certain conditions, enforced by federal probation officers, or face further penal sanctions"); *United States v. Myers*, 426 F.3d 117, 124 (2d Cir. 2005) (holding that a district court's broad discretion to tailor conditions of supervised release is not "untrammelled" in light of a defendant's liberty interests).

A lifetime of supervised release is an extreme and unusual remedy. *See* U.S. Sentencing Comm'n, Federal Offenders Sentenced to Supervised Release 58-60 (2010) (fewer than one percent of federal defendants sentenced between

fiscal years 2005-09 received a lifetime term of supervised release).  It indefinitely

subjects a defendant to the possibility of imprisonment for violating its terms.

*See United States v. C.R.*, 296 F.R.D. 131, 135 (E.D.N.Y. 2013) (rejecting

government's request for lifetime supervised release "as too severe [and]

inhibitory of rehabilitation" in a distribution of child pornography case, and

instead imposing a sentence of five years' supervised release).

A lifetime of supervised release is also, to some degree, at odds with

the rehabilitative purpose of supervised release, as it presumes that the need for

supervision will never end and that the defendant is essentially incorrigible.  *See*

*Johnson*, 529 U.S. at 59 ("Congress intended supervised release to assist

individuals in their transition to community life.").  Accordingly, the severity of a

life sentence of supervised release justifies a closer look at the district court's

decision to impose such a sentence.  We have previously recognized this

principle.  *See Mora*, 22 F.3d at 413-14; *United States v. Stevens*, 192 F.3d 263 (2d

Cir. 1999).

In both *Mora* and *Stevens*, we reviewed the imposition of life terms

of supervised release for reasonableness, that is, "whether the departure [from

the Guidelines and general statute maximum for supervised release] [was]

reasonable *in light of the justification given*," *Mora,* 22 F.3d at 413 (quoting *United States v. Campbell*, 967 F.2d 20, 27 (2d Cir. 1992) (emphasis added)); *Stevens*, 192 F.3d at 267. Although *Mora* and *Stevens* were in the pre-*Booker* era of mandatory guideline sentencing and involved sentences for new criminal offenses committed while the defendants were on release,[2] we also review for reasonableness in a revocation setting. *See Aldeen*, 792 F.3d at 253 ("The standard of review on the appeal of a sentence for violation of supervised release is . . . whether the sentence imposed is reasonable." (citation and internal quotation marks omitted)).

In *Mora*, we reversed the district court's sentence of lifetime supervised release for a defendant who violated the terms of her supervised release for a drug trafficking offense by engaging in further drug trafficking, for which she pled guilty to possession of heroin with intent to distribute, a Class B felony. 22 F.3d at 411.

---

[2]    The Sentencing Commission has provided, by policy statement, that where a defendant is convicted of a criminal charge that also is a basis of the violation of supervised release, the policy statements do not purport to provide the appropriate sanction for the criminal charge itself. The appropriate sentence on any new criminal conviction should be a separate determination. U.S. Sentencing Guidelines Manual § 7B1.1, cmt. 1.

Although the general statute and Guidelines provided a five-year maximum period of supervised release for Class B felonies, Mora's offense statute required a term of at least four years. *See id.* at 411-13. We held that by providing a mandatory minimum term of supervised release with no specified maximum, the offense statute authorized the district court to impose up to a life term of supervised release. *Id.* at 412. Nevertheless, we found that the magnitude of the departure in Mora's case from the general statute and Guidelines maximum of five years' supervised release for Class B felonies was unreasonable under the circumstances. *Id.* at 414.

In reversing the sentence, we emphasized that in imposing a term of supervised release, district courts are required to consider, among other factors, "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), and found that "[i]t is difficult to understand why a life term of supervised release is reasonable for a defendant who is no different from any other recidivist," *Mora*, 22 F.3d at 414; *see also Stevens*, 192 F.3d at 267-78 (reversing district court's sentence of lifetime supervised release based on finding that defendant convicted of heroin possession had committed perjury and

exhibited antisocial behavior, because district court did not "sufficiently distinguish this defendant from any other recidivist who has committed perjury at trial").

**D.    *Application***

As in *Mora*, Brooks's offense statute permitted the district court to impose up to a life term of supervised release. *See* 21 U.S.C. § 841(b)(1)(C); *Mora*, 222 F.3d at 412.  For the court to do so, however, there had to be a significant justification to support the severity of that sentence or conduct that distinguished Brooks from similar recidivists.  *See United States v. Chartier*, 933 F.2d 111, 117 (2d Cir. 1991), *abrogated on other grounds by United States v. Hargrett*, 156 F.3d 447, 449-51 (2d Cir. 1998) ("Though a sentencing judge retains discretion . . . he must demonstrate that he has thoughtfully discharged his statutory obligation [under § 3553(c)], with a degree of care appropriate to the severity of the punishment ultimately selected."); *see also* 18 U.S.C. § 3553(a)(6) (in determining the length of the term of supervised release upon revocation, a court is required to "consider the need to avoid unwarranted sentencing disparities among defendants with similar records").  Neither are present on this record.

The district court advised Brooks that it was imposing a life term of supervised release in part because he had already received "chance after chance," but failed to "muster the strength of character" to take advantage of the multiple opportunities he had received.  App. 26.  Because "a court may *not* take account of retribution (the first purpose listed in § 3553(a)(2)) when imposing a term of supervised release," *Tapia v. United States*, 564 U.S. 319, 326 (2011), including when imposing a term of supervised release upon revocation, 18 U.S.C. § 3583(e), this justification alone cannot support Brooks's lifetime sentence.  *See Burden*, 860 F.3d at 57 (reversing lifetime supervised release because sentence was "driven largely by the past seriousness" of the crimes and a "retributive rationale cannot support the lifetime sentences of supervised release imposed").

The district court also explained that a life term of supervised release was intended to provide Brooks with resources to treat his drug addiction for "as long as it is useful" to him.  App. 31.  This reason accords with the purpose of supervised release.  *See also* 18 U.S.C. § 3553(a)(2)(D) (the court shall consider the need to "provide the defendant with needed educational or

vocational training, medical care, or other correctional treatment in the most effective manner").

Nevertheless, on this record, Brooks's conduct is not distinguishable from that of many other recidivist defendants in his position struggling with drug addiction. Brooks's violations of supervised release center on a drug habit that he has been unable, thus far, to kick. Unfortunately, cases are legion in which offenders with repeated drug violations or other recidivism problems are sentenced to far shorter terms of supervised release. *See, e.g.*, *Hargrove*, 497 F.3d at 257-58 (affirming a one-year sentence with no additional term of supervised release upon revocation of defendant's supervised release for repeated cocaine use before and after drug treatment); *United States v. Ilayayev*, 800 F. Supp. 2d 417, 451-52 (E.D.N.Y. 2011) (sentencing a defendant to one day in custody followed by new term of two years' supervised release upon revocation for four violations of supervised release related to use of PCP, cocaine, heroin, and other drugs).

In contrast, cases in which life terms of supervised release have been affirmed have typically involved child pornography or violent crimes. *See, e.g.*, U.S. Sentencing Comm'n, Federal Offenders Sentenced to Supervised Release, 58-59 (the "overwhelming majority" -- more than 95 percent -- of those who received

lifetime supervised release between 2005-09 were convicted of sex offenses); *see also United States v. Wright*, 747 F.3d 399, 404 (6th Cir. 2014) (affirming district court's sentence of lifetime supervised release for defendant who pled guilty to conspiracy and attempt to use weapon of mass destruction); *United States v. Asalati*, 615 F.3d 1001, 1007 (8th Cir. 2010) (affirming life term of supervised release for defendant whose "participation in a violent assault demonstrates a continued and escalating danger to the public"); *United States v. Hayes*, 445 F.3d 536, 537 (2d Cir. 2006) (affirming lifetime supervised release sentence for defendant convicted of distributing child pornography, and citing congressional findings recommending lifetime supervised release for sex offenses because of studies demonstrating high rates of recidivism of sex offenders).

We are therefore not persuaded that the imposition of a life term of supervised release -- upon Brooks's first revocation -- is reasonable in light of the justifications given by the district court. *Cf. Cassesse*, 685 F.3d at 187, 193 (upholding lifetime supervised release where court adequately explained reasoning and defendant had been convicted of new criminal offenses multiple times while on supervised release). Given the non-violent nature of Brooks's violations and the difficulty faced by so many offenders in controlling addiction,

we conclude that his behavior was not so extreme or unusual as to justify a life term of supervised release. *See United States v. Ahuja*, 936 F.2d 85, 89 (2d Cir. 1991) ("[I]n cases where . . . the sentence imposed by the district court strains the bounds of reasonableness, remand for resentencing may well be warranted.").

We leave it to the capable and experienced district judge to set a term of supervised release consistent with the factors set forth in § 3583(e), that will provide Brooks with access to drug treatment and other support and resources. We hold only that, at this time, on this record, a life term of supervised release is not warranted.

## *CONCLUSION*

The judgment of the district court is **VACATED IN PART** and the case is **REMANDED** for further proceedings.