United States v. Milne

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand nineteen.

PRESENT:  DENNIS JACOBS,
          PIERRE N. LEVAL,
          CHRISTOPHER F. DRONEY,
              <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
              <u>Appellee</u>,

        v.                                          18-1155

JOHN N. MILNE,
              <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

1

FOR APPELLANT:                        Andrew B. Bowman, Westport, CT.

FOR APPELLEE:                       Elena Coronado (Michael S. McGarry, Sandra S. Glover, Assistant United States Attorneys, on the brief), for John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

John Milne appeals from a judgment of the United States District Court for the District of Connecticut (Hall, J.) sentencing him to 24 months' imprisonment following his violation of the terms of supervised release.   On appeal, Milne argues that the sentence was procedurally and substantively unreasonable.   We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Milne pleaded guilty in 2009 to conspiracy to falsify the books and records of a publicly traded company while serving as its President and Chief Financial Officer.   He was sentenced to 27 months' imprisonment followed by 36 months of supervised release, and the district court imposed a special condition of supervised release, in lieu of restitution or a fine, requiring payment of $6,250,000 to the Securities and Exchange Commission ("SEC") to satisfy a disgorgement order that resolved a parallel SEC civil suit against Milne.

At a March 2013 hearing, Milne admitted to violating the terms of his supervised release by failing to make required payments to the SEC and leaving the district of his supervision without permission.   However, the hearing was continued numerous times, initially to allow Milne to provide updated financial statements, and later to allow Milne to make good on his repeated assurances that

2

he would soon be able to make sizeable payments to the SEC. Finally, after more than five years of continuances, the district court sentenced Milne in April 2018 to the maximum term of 24 months' imprisonment.

     **1.** "Sentences for violations of supervised release are reviewed under the same standard as for sentencing generally: whether the sentence imposed is reasonable." United States v. Brooks, 889 F.3d 95, 100 (2d Cir. 2018) (internal quotation marks omitted). "A district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." United States v. Robinson, 702 F.3d 22, 38 (2d Cir. 2012) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). Review for reasonableness is akin to a "deferential abuse-of-discretion standard." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (in banc) (quoting Gall, 552 U.S. at 41). However, "[a] sentencing court's legal application of the Guidelines is reviewed de novo." United States v. Desnoyers, 708 F.3d 378, 385 (2d Cir. 2013) (internal quotation marks omitted).

     Milne argues that the district court's explanation for the sentence was insufficient and irrational. In particular, he argues that the court erroneously analogized his offense to armed robbery, and that the court's explanation was irreconcilable with its finding that Milne's unfulfilled promises to make substantial payments did not amount to fraud on the court.

     Milne's characterization of the district court's analogy at sentencing is misleading. The court indeed expressed a view that books and records fraud, like embezzlement or robbery, can be understood as "stealing." But the record does not indicate that the court in any way misunderstood the nature of Milne's offense. The court's statement appears to have been in response to defense counsel's observation that it would be "an overstatement to say he stole money . . . . This is not those kind of cases where you're talking about a man that goes into a bank and steals money." Appx. at 57.

     Milne further argues that the district court imposed the maximum sentence in further punishment for the seriousness of the indictment offense, and that such

3

additional punishment is not permissible. We reject the contention. The record reflects that the district court adequately explained the sentence, setting forth two key considerations, neither of which was punishment for the indictment offense. First, the court explained the need for deterrence, both generally and for Milne specifically. After examining in detail the factual context surrounding Milne's violation, the court concluded "that little deters him," emphasizing that Milne repeatedly promised to make substantial payments to the SEC, yet failed to do so despite repeated warnings from the court that failure to comply with his payment obligations could result in further imprisonment. Appx. at 94-95.

Second, the court emphasized "the nature and circumstance of his violation of supervised release," Appx. at 98, specifically that in the years since Milne's release, he had the financial means to address his payment obligations, and spent lavishly on personal expenses. The court did not find that Milne affirmatively lied to the court when he expressed expectations that he would soon make payments to the SEC. At the same time, the court concluded that Milne's pattern of unfulfilled promises, combined with his "high lifestyle," Appx. at 96, was a relevant consideration in the court's evaluation of the nature and circumstances of Milne's violation.

Accordingly, we see no procedural error in the sentence imposed by the district court.

**2.** "Substantive reasonableness is also reviewed for abuse of discretion." Desnoyers, 708 F.3d at 385. "In examining the substantive reasonableness of a sentence, we review the length of the sentence imposed to determine whether it cannot be located within the range of permissible decisions." United States v. Matta, 777 F.3d 116, 124 (2d Cir. 2015) (internal quotation marks omitted). We will "set aside a district court's substantive determination only in exceptional cases." Cavera, 550 F.3d at 190 (emphasis omitted).

Milne observes that the sentencing range under the United States Sentencing Guidelines (the "Guidelines") for his violation of supervised release was 3 to 9 months' incarceration, and essentially argues that the extent of the court's deviation from the Guidelines range demonstrates that the sentence was greater than necessary to comply with the 18 U.S.C. § 3553(a) factors.

In reviewing a non-Guidelines sentence, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51. We "do not consider what weight we would ourselves have given a particular factor. Rather, we consider whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." Cavera, 550 F.3d at 191 (internal citation omitted).

At sentencing, the district court carefully reviewed the factual record of Milne's violations, and explained that the sentence was justified by the § 3553(a) factors--specifically, the nature and circumstances of the violation, see 18 U.S.C. § 3553(a)(1), and adequate deterrence, see id. § 3553(a)(2)(B). We see no basis to conclude that a 24-month sentence was "shockingly high . . . or otherwise unsupportable as a matter of law" in these circumstances. See United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009). Accordingly, we will not disturb the district court's "considerable discretion in identifying the grounds that can justify a non-Guidelines sentence." United States v. Jones, 531 F.3d 163, 172 (2d Cir. 2008).

We have considered Milne's remaining arguments and conclude they are without merit. The judgment of the district court is therefore **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5