*United States v. Mingo*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand twenty- four.

PRESENT:
> ROBERT D. SACK,
> DENNY CHIN,
> BETH ROBINSON,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                          No. 23-7485

JERMAINE MINGO, AKA V.I.P.,

> *Defendant-Appellant*,

ANTHONY TORRES, YADRIA POLANCO,
JUAN P. MONTALVO, OMAR ASTACIO,
JONATHAN GORDON, JOEY CORRETJER,
JR., MORRIS ALVAREZ, AKA MORRIS ALVEREZ,

SEAN TORRES, JOAN OGANDO-RAMIRIZ,
JEAN C. GONZALEZ, CHARLES NIX,
AKA GUTTER, AKA SEALED DEFENDANT 11,
RYAN DAVID, JERMAINE IVEY, AKA SPADE,
NOYKA GONZALEZ, JAMEL BROADUS,
AKA MEL, RICARDO ROWLEY, AKA BRAISY,
HASSAN STEWART, AKA JA, LUCIEN BATISTE,
AKA STICKS, SHENOLL BRUNO, AKA AMBUSH,
JASON OHARE, GUS LYNCH, AKA SHA,
EZEKIAL MCLAIN, AKA X, TASHAWN VAILES,
AKA FREAKY, RICHARD DUVAL, AKA BREEZE,

       *Defendants.*[*]

---

FOR APPELLANT:          DANIEL M. PEREZ, Law Offices of Daniel M. Perez, Newton, NJ.

FOR APPELLEE:          RAJIT S. DOSANJH (Richard D. Belliss, *on the brief*), Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on October 19, 2023, is **AFFIRMED.**

---

[*] The Clerk's office is directed to amend the caption as reflected above.

Defendant-Appellant Jamaine Mingo appeals from an October 2023 judgment of revocation convicting and sentencing him following his admission to violations of the terms of his supervised release. The district court sentenced Mingo to a term of twelve months' imprisonment to be followed by three years of supervised release. On appeal, Mingo challenges both the procedural and substantive reasonableness of the term of supervised release. He does not challenge the term of imprisonment imposed, which concluded in September 2024. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

In June 2008, following a jury trial, Mingo was found guilty of one count of conspiracy to distribute cocaine base and cocaine. He was sentenced to 200 months' incarceration, followed by eight years of supervised release, which was the statutory minimum term of supervised release at the time.

In July 2020, Mingo was released from custody and began his term of supervised release. In June 2021 the court imposed a curfew for 60 days after Mingo admitted that he was ticketed for driving 101 miles per hour in an area with a speed limit of 65 miles per hour, and that he traveled out of the Northern

District of New York without permission, in violation of the conditions of his release. Several months later, the district court again imposed a temporary curfew after Mingo tested positive for THC. In September 2021, the district court denied Mingo's motion for early termination of his supervised release. This Court affirmed that denial. *United States v. Torres*, No. 21-2511-CR, 2022 WL 17087048, at *3–4 (2d Cir. Nov. 21, 2022).

In October 2023, Mingo admitted three more violations of his conditions: he possessed marijuana, failed to report two cell phones he was using, and tested positive for marijuana. The district court sentenced him to twelve months' incarceration, followed by three years of supervised release. This term of supervised release is the focus of Mingo's appeal.

We review a sentence for both procedural and substantive reasonableness under "a particularly deferential form of abuse-of-direction review." *United States v. Davis*, 82 F.4th 190, 195–96 (2d Cir. 2023); *see also United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005) (noting that sentences imposed for violating

terms of supervised release are reviewed under "the same standard as for sentencing generally").[1]

First, Mingo argues that the district court procedurally erred by miscalculating his Guidelines sentence range. The court determined that the violations to which Mingo pled were Grade C violations and that Mingo was in criminal history category VI at his original sentencing, which led to a guidelines range of 8 to 14 months' imprisonment and a statutory maximum term of supervised release of life. Mingo argues that in light of intervening law since his original sentencing, he does (and did) not qualify as a "career offender" pursuant to U.S.S.G. § 4B1.1, and should be assigned to criminal history category V, which would lead to a guidelines range of 7 to 13 months' imprisonment.

Even assuming that to be true, the criminal history category only determines the Guidelines range for the term of *imprisonment*, which Mingo does not challenge. The term of supervised release imposed upon revocation of supervised release is determined by statute, *see* U.S.S.G. § 7B1.3(g)(2), and is not impacted by Mingo's criminal history category. Mingo does not contend that the

_____

[1] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

court erred in calculating the available sentencing range with respect to the term of supervised release. Even if the district court's Guidelines calculation as to incarceration was off by a month as Mingo contends, that would not render the term of his supervised release procedurally unreasonable.

For the same reason, we reject Mingo's argument that the district court's imposition of a 36-month term of supervised release was procedurally unreasonable because the court "refused to consider his arguments regarding changes in the law" with respect to his criminal history. Appellant Br. at 25. The focus of Mingo's argument was the impact of intervening changes in the law on his status as a career offender for purposes of his criminal history category—a status that modestly impacted his Guidelines range for the incarcerative portion of his sentence, but did not affect the term of his supervised release.

Finally, Mingo argues that the district court "should have explained" why the three-year term of supervised release "was not greater than necessary to comply with the purposes of sentencing." Appellant Br. at 28. Because Mingo did not object to the court's explanation for the term of supervision when the court imposed sentence, we review for plain error. *United States v. Williams*, 998 F.3d 538, 540 (2d Cir. 2021).

A district court's failure to adequately explain its sentence can render the sentence procedurally unreasonable. *United States v. Aldeen*, 792 F.3d 247, 251 (2d Cir. 2015) (stating that a sentence is procedurally unreasonable "if the district court . . . fails adequately to explain the chosen sentence"); *see also* 18 U.S.C. § 3553(c) (requiring the sentencing court to "state in open court the reasons for its imposition of a particular sentence . . ."). But we have held that a district court's "failure to separately explain the basis for the term of supervised release after discussing the [§] 3553(a) factors in imposing a term of imprisonment" does not necessarily constitute procedural error. *Williams*, 998 F.3d at 541.

Here, the district court explained that its sentence was based on Mingo's history and characteristics, the seriousness of his conduct, and the fact that he was fully aware of the conditions he had to live by but nevertheless had cellphones, packaging materials and marijuana in his possession, suggesting he still hadn't "learned [his] lesson."[2] App'x 112.

___

[2] In a Rule 28(j) letter, Mingo cites a recent unpublished summary order from this Court and argues that we should remand so the district court can explain whether it believed Mingo was distributing marijuana, rather than just possessing it. But the district court specifically stated that it was not making "any judgment as to what [Mingo was] doing" with the marijuana and other materials. App'x 112. We need no further clarification; the district court specifically confirmed it was not basing its sentence on a finding that Mingo was planning to distribute the marijuana.

7

Moreover, the court imposed special conditions requiring that he engage in a substance abuse program including frequent drug testing and that he not possess, use or sell marijuana. *Id.* at 112-13. The district court explained that these conditions were "absolutely necessary to assist in [Mingo's] rehabilitation and to allow for the ongoing monitoring of [his] sobriety." *Id.* at 113. And the court linked these conditions to his history of drug trafficking. *Id.* Given the court's explanation, focused specifically on the conditions of supervised release, we see no plain error in the court's discussion of Mingo's term of supervised release. We thus turn to his challenge to the substantive reasonableness of his term of supervised release.

When reviewing a district court's sentencing decision for substantive reasonableness, we consider all the statutory sentencing factors in 18 U.S.C. § 3553. *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008). Our deference to the district court's assessment "derives from a respect for the distinct institutional advantages that district courts enjoy over their appellate counterparts in making an 'individualized assessment' of sentence under 18 U.S.C. § 3553(a)." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (citing *Gall v. United States*, 552 U.S. 38, 51–52 (2007)). "We will . . . set aside a

district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (emphasis in original).

Mingo argues that his sentence today for his underlying conviction would carry a three- to four-year minimum term of supervised release, that he has already served three years of supervision, and that three *additional* years of supervised release are thus substantively unreasonable. He emphasizes that he has spent nearly all of his adult life in prison or under supervision for drug-related offenses, and that he was conducting himself well on supervision.

We are unpersuaded. The Guidelines provide for a period of supervised release up to life less any term of imprisonment imposed upon revocation of supervised release. U.S.S.G. § 7B1.3(g)(2); 18 U.S.C. § 3583(h); 21 U.S.C. § 841(b)(1)(B); *United States v. Mora,* 22 F.3d 409, 412 (2d Cir. 1994) (interpreting 21 U.S.C. § 841(b)(1)(B) to authorize a maximum term of supervised release up to life). The three-year term of supervised release was both authorized by statute and within the advisory Guidelines range. In light of Mingo's history and the district court's stated goal of promoting his rehabilitation, the district court's

9

decision fell "within the range of permissible decisions," and was thus substantively reasonable. *Cavera*, 550 F.3d at 189.

* * *

We have considered Mingo's remaining arguments and conclude that they are without merit. Accordingly, the District Court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
