18-1484-cr
*United States v. Sykes*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand nineteen.

PRESENT:  JOHN M. WALKER, JR.,
JOSÉ A. CABRANES,
PETER W. HALL,
      *Circuit Judges.*

UNITED STATES OF AMERICA,

               *Appellee,*                                    18-1484-cr

          v.

TYLER SYKES,

               *Defendant-Appellant.*

| | |
|---|---|
| **FOR APPELLEE:** | Cecilia E. Vogel, Sagar Ravi, and Anna M. Skotko, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney, Southern District of New York, New York, NY. |
| **FOR DEFENDANT-APPELLANT:** | Edward S. Zas, Appeals Bureau, Federal Defenders of New York, Inc., New York, NY. |

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Tyler Sykes ("Sykes") appeals from a May 8, 2018 judgment revoking his term of supervised release and imposing a term of imprisonment of one year and one day, to be followed by a new term of supervised release of two years minus one day. On appeal, Sykes argues that the District Court procedurally erred by relying on retributive factors when imposing his new term of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issue on appeal.

"Sentences for violations of supervised release are reviewed under the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) (internal quotation marks omitted). Our review for reasonableness is akin to a "deferential abuse-of-discretion standard." *Id.* (internal quotation marks omitted). Where, as here, a defendant fails to object to an alleged procedural error at the time of sentencing, we review for plain error. *See United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007). "Plain error review requires a defendant to demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Pattee*, 820 F.3d 496, 505 (2d Cir. 2016) (internal quotation marks omitted).

Sykes's challenge arises from the fact that the District Court did not separately address its reasons for revoking supervised release and imposing sentence under 18 U.S.C. § 3583(e),[1] and its

---

[1] Section 3583(e) states that a district court "may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release . . . ." 18 U.S.C. § 3583(e)(3). Notably, this list of enumerated factors omits § 3553(a)(2)(A), which includes "retributive" factors such as "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Because § 3583(e) "does not state that any particular factor cannot be considered," we have interpreted it as "simply . . . requiring consideration of the enumerated subsections of § 3553(a), without forbidding consideration of other pertinent factors." *United States v. Williams*, 443 F.3d 35, 47 (2d Cir. 2006). Indeed, we have explained that § 3583(e) "cannot reasonably be interpreted to exclude consideration of the seriousness of the releasee's violation" in light of the other factors a district court must consider under § 3583(e), including the

2

reasons for imposing a renewed term of supervised release under § 3583(h).[2] We have previously recognized that "district courts, understandably, often provide only one explanation for the entirety of a sentence," which might "inadvertently" lead to procedural error because "the need for retribution is properly considered in imposing a term of incarceration but not a term of supervised release." *United States v. Burden*, 860 F.3d 45, 57 (2d Cir. 2017) (emphasis omitted). We have therefore advised district courts to "separately state [their] reasons" for imposing a term of supervised release. *Id.*

Assuming *arguendo* that the District Court plainly erred by failing to separately state its reasons for imposing a sentence under § 3583(e) and for imposing a new term of supervised release under § 3583(h), such error did not prejudicially affect Sykes's substantial rights or seriously undermine the fairness, integrity, and public reputation of the sentencing proceedings. To the extent the District Court commented on the seriousness of Sykes's offense, it was to acknowledge that the offense was "not the most serious offense." App. 180. And when the District Court discussed the need to promote respect for the law and provide just punishment for Sykes's breach of the court's trust, it was in the context of explaining its reasons for revoking supervised release and imposing a term of incarceration, which § 3583(e) permits. *See id.* at 182 ("I said when I originally sentenced you that I was giving you a break[,] which I did. I sentenced you to 19 months. The guidelines recommendation at the bottom end was 37 months. It was, in my view, extremely lenient . . . . But my policy is I give a break once, but that kind of extreme leniency I won't do again if you don't take advantage of the break that you're given."). In sum, these comments—understood in context—do

---

nature and circumstances of the offense and the need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes. *Id.* at 48.

[2] Section 3583(h) provides that "[w]hen a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(h). In imposing a renewed term of supervised release pursuant to § 3583(h), a district court "is required to consider the same set of factors as those it must consider when imposing supervised release for the underlying offense." *Brooks*, 889 F.3d at 100; *see also* § 3583(c) (listing the identical factors to those contained in § 3583(e)). Unlike § 3583(e), however, we have interpreted § 3583(h) to forbid district courts from taking into account retribution when imposing a term of supervised release upon revocation. *Brooks*, 889 F.3d at 102. This is because "supervised release is not, fundamentally, part of the punishment," and its purpose is to "fulfill rehabilitative ends, distinct from those served by incarceration." *Id.* at 99 (internal quotation marks and brackets omitted). Thus, a district court may not consider retributive factors in imposing a renewed term of supervised release under § 3583(h).

not demonstrate that Sykes's supervised release term was "driven largely" by or "inflected" with retributive factors. *See Brooks*, 889 F.3d at 102; *Burden*, 860 F.3d at 56–57.

Finally, there is no reasonable probability that, but for this asserted error, the imposed term of supervised release would have been any different. The District Court originally imposed a three-year term of supervised release—the maximum term authorized for the underlying offense of conviction. *See* 18 U.S.C. §§ 924(a)(2), 3559(a)(3), and 3583(b)(2). At the time of Sykes's arrest for the violation, he had over two years remaining on his original term of supervised release. There is no reason to believe that the District Court, after considering a number of permissible factors, would have imposed a shorter term of supervised release than that remaining before Sykes was arrested.

## CONCLUSION

We have reviewed all of the arguments raised by Sykes on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the May 8, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court