*United States v. Ford*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand twenty-one.

PRESENT:
> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> > *Circuit Judges*,
> PAMELA K. CHEN,
> > *District Judge*.*

---------------------------------------------------------------------

UNITED STATES OF AMERICA,

   *Appellee*,

   v.                                                No. 20-3882-cr

---

\* Judge Pamela K. Chen, of the United States District Court for the Eastern District of New York, sitting by designation.

TRAYQUAN FORD,

*Defendant-Appellant*.

--------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:   Brendan White, White & White, New York, NY.

FOR APPELLEE:   Geoffrey M. Stone, Sandra S. Glover, Assistant United States Attorneys, *for* Leonard C. Boyle, Acting United States Attorney for the District of Connecticut, Hartford, CT.

Appeal from the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Trayquan Ford appeals from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*), revoking his term of supervised release and sentencing him to 18 months' imprisonment, to be followed by an additional 18-month term of supervised release. Ford now appeals his sentence, arguing that it is both procedurally and substantively unreasonable.

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"Sentences for violations of supervised release are reviewed under the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) (internal quotation marks omitted). For both the procedural and substantive components of a sentence, "[r]easonableness is reviewed under a deferential abuse-of-discretion standard." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (internal quotation marks omitted). A sentence is procedurally unreasonable if, among other things, the district court "fails to calculate the Guidelines range," "makes a mistake in its Guidelines calculation," fails to consider the sentencing factors set forth in 18 U.S.C. § 3553(a), "or rests its sentence on a clearly erroneous finding of fact." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). A sentence is also procedurally unreasonable if the district court "fails adequately to explain its chosen sentence" or omits "an explanation for any deviation from the Guidelines range." *Id.* (internal quotation marks omitted).

As for substantive reasonableness, we show great deference to the district court's decisions in weighing sentencing factors, and consider only "whether [a

3

sentencing] factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." *Id.* at 191. It is only when a sentence is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law" that we will vacate the district court's considered judgment at sentencing. *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Here, the record reflects that the district court made no procedural errors. Neither party challenges the district court's calculation of the advisory Guidelines range, and the sentencing transcript reveals that the district court properly considered the relevant § 3553(a) factors, including the need for the sentence imposed to reflect Ford's obvious breach of trust while he was on supervised release. The district court also gave sufficient explanation for its above-Guidelines sentence, which it deemed appropriate in light of Ford's sheer number of violations, the seriousness of his violation conduct (including a high-speed car chase), Ford's numerous infractions while in custody following his arrest, and the danger he posed to others in the community. After reviewing the record in full, we can identify no procedural error on the part of the district court.

We also find that the sentence imposed – 18 months' imprisonment, to run consecutive to Ford's undischarged state sentence, followed by an additional 18-

month term of supervised release – was substantively reasonable. "[T]ak[ing] into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts," *Cavera*, 550 F.3d at 190, we cannot say that the above-Guidelines sentence imposed on Ford is manifestly unjust or "shock[s] the conscience," *Rigas*, 583 F.3d at 124 (internal quotation marks omitted). To the contrary, the district court's sentence is easily "located within the range of permissible decisions" available to it. *United States v. Norman*, 776 F.3d 67, 86 (2d Cir. 2015) (quoting *Cavera*, 550 F.3d at 189). We are therefore unwilling to second-guess the district court's considered judgment in imposing a consecutive sentence of 18 months' imprisonment, followed by an additional 18 months of supervised release.

For all these reasons, we **AFFIRM** the district court's judgment and sentence.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court