21-166-cr
*United States v. Holbdy*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand twenty-one.

PRESENT:   JOSÉ A. CABRANES,
           RAYMOND J. LOHIER, JR.,
           BETH ROBINSON,
                     *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

       *Appellee*,

      v.                                                          21-166-cr

CHRISTOPHER HOLBDY, AKA Nuts,
AKA Sealed Defendant #12,

       *Defendant-Appellant*,

CORY EDWARDS, AKA Wiggles, AKA
Sealed Defendant #1, CHARLES MYLES,
AKA Bossman, AKA Sealed Defendant #2,
ANTONIO OWENS, AKA O'Head, AKA
Sealed Defendant #3, KARO BROWN, AKA
Kike, AKA Kite, AKA Sealed Defendant #4,
RASUE BARNETT, AKA Wild Thang, AKA
Sealed Defendant #5, WALIEK BETTS, AKA
Leek, AKA Sealed Defendant #6, AKIM
BETSEY, AKA Koon, AKA Kimy, AKA

1

Sealed Defendant #7, CHARLES BROWN, AKA Tadda, AKA Tata, AKA Sealed Defendant #8, TERRENCE EDWARDS, AKA Jaquan, AKA Silk, AKA Sealed Defendant #9, DUDLEY HARRIS, AKA Dud, AKA Sealed Defendant #10, RODNEY HILL, AKA Hot Rod, AKA Sealed Defendant #11, ANTHONY JACKSON, AKA Capone, AKA Sealed Defendant #13, AKA Tone, LANCE JOHNSON, AKA L-A, AKA Clue, AKA Sealed Defendant #14, RIDWAN OTHMAN, AKA Wigwam, AKA Blitz, AKA Sealed Defendant #15, LONDON RICE, AKA Grams, AKA Sealed Defendant #16, CHEIRON THOMAS, AKA Slab, AKA Sealed Defendant #17, EDWARD THOMAS, AKA Sealed Defendant #18, AKA Poppy, Esco, DAVID TRAPPS, AKA Dirty Dave, AKA Sealed Defendant #19, JAMONTAE WALLACE, AKA Monty, AKA Sealed Defendant # 20, ROBERT SHAW, AKA Sealed Defendant #21, ERIC DUNBAR, AKA Sealed Defendant # 22, TOMMIE BRISCOE, AKA Sealed Defendant #23, LEROY ANTWAIN WALKER, AKA Leroy Walker Stokes, AKA Sealed Defendant #24, LEONARD HOLBDY, AKA Sealed Defendant #25, CHRISTIAN WILLIAMS, AKA Sealed Defendant #26,

*Defendants.*[*]

---

**FOR APPELLEE:**                                Andrew D. Beaty, Assistant United States Attorney, *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Syracuse, NY.

**FOR DEFENDANT-APPELLANT:**      Melissa A. Tuohey, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender, Syracuse, NY.

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

Appeal from a judgment, entered January 21, 2021, by the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 21, 2021 judgment of the District Court be and hereby is **AFFIRMED**.

## I.

Defendant Christopher Holbdy challenges the District Court's imposition of a 51-month sentence of imprisonment with a nine-month term of supervised release to follow after Holbdy admitted to violating the conditions of his prior supervised release. On December 17, 2004, Holbdy was initially sentenced to a 168-month term of imprisonment to be followed by four years of supervised release after he pleaded guilty to conspiracy to engage in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d). After serving his prison sentence,[1] Holbdy commenced his term of supervised release on November 1, 2011. Thereafter, on March 7, 2014, Holbdy was arrested by the Syracuse Police Department and charged with weapons offenses, for which he was convicted by the Onondaga County Court and served seven years in state custody. While Holbdy was in state prison, the Probation Office filed a petition to revoke his supervised release, and on January 13, 2021 — upon Holbdy's release from state custody — he was arrested and brought into federal custody once again. The Probation Office filed an amended petition on January 19, 2021, alleging that Holbdy (1) committed new criminal conduct which resulted in his March 7, 2014 arrest; (2) used marijuana in February 2014; (3) failed to notify the Probation Office of his change of residence in March 2014; and (4) failed to report for drug testing on two instances in March and July 2012. On January 20, 2021, Holbdy appeared before the District Court by videoconference and admitted to violations 1, 2, and 4 of the amended petition. The District Court found the applicable advisory Sentencing Guidelines range to be 51 to 63 months of imprisonment, and imposed a 51-month prison sentence followed by a nine-month term of supervised release.[2]

Holbdy now argues that the sentence imposed by the District Court is both procedurally and substantively unreasonable and urges us to vacate the sentence and remand for purposes of

---

[1] Holbdy's prison sentence was subsequently reduced twice — from 168 months to 140 months and then to time served — following retroactive amendments to the Sentencing Guidelines.

[2] In the sentencing transcript, the District Court was recorded as saying that the applicable guidelines range is "51 to 60 months." App'x 68-69. As the parties agree and as the Government stated during the hearing, however, the applicable range for Holbdy's Grade A violation and level VI criminal history is 51 to 63 months of imprisonment.

resencing. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## II.

We generally review a district court's imposition of a sentence under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)); *see also In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (describing the abuse-of-discretion standard). The same standards used to review sentences generally also apply to cases like this one where we are asked to review the sentence imposed for violations of supervised release. *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) (per curiam). At root, we evaluate the sentence imposed for "reasonableness," a concept which encompasses both "the procedures used to arrive at the sentence (procedural reasonableness) and . . . the length of the sentence (substantive reasonableness)." *United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012).

## III.

Holbdy first objects to the District Court's sentence on procedural reasonableness grounds, arguing that the District Court failed to provide more than a "brief generic explanation" for the sentence it imposed. Appellant's Br. 15. Because Holbdy failed to object to the District Court's statement of reasons, we review his argument under the plain-error standard. *See United States v. Villafuerte*, 502 F.3d 204, 211 (2d Cir. 2007). Upon review, we see no error with respect to the District Court's explanation, let alone plain error.

Section 3553 requires the "court, at the time of sentencing, [to] state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). This requirement serves to "(1) inform[] the defendant of the reasons for his sentence, (2) permit[] meaningful appellate review, (3) enabl[e] the public to learn why the defendant received a particular sentence, and (4) guid[e] probation officers and prison officials in developing a program to meet the defendant's needs." *Villafuerte*, 502 F.3d at 211. This requirement does not, however, "require the district court to issue a 'full opinion in every case,'" and "[w]hen the district court imposes a Guidelines sentence, it may not need to offer a lengthy explanation, particularly where the parties have not argued meaningfully against a Guidelines sentence under § 3553(a) or for a departure." *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). Indeed, we have made clear that the sentencing judge "need not utter robotic incantations repeating each factor that motivates a sentence." *United States v. Corsey*, 723 F.3d 366, 374 (2d Cir. 2013) (per curiam) (internal quotation marks omitted). And "[a]bsent record evidence suggesting the contrary, we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors, and have steadfastly refused to require judges to explain or enumerate how such consideration was conducted." *United States v. Kimber*, 777 F.3d 553, 565 (2d Cir. 2015) (cleaned up).

4

Applying these standards here, we are unable to conclude that the District Court's explanation of the sentence imposed constituted procedural unreasonableness. The District Court stated during the revocation hearing that the sentence it imposed was "adequate . . . to address the serious breach of trust that [Holbdy] engaged in by committing new state crimes while under the supervision of the Court." App'x 74. It added that "[h]aving guns and ammunition . . . is such a breach," and that Holbdy's offenses "can't be overlooked." *Id.* While succinct, the District Court's explanation of its bottom-of-Guidelines sentence focused on Holbdy's breach of trust, *see United States v. Verkhoglyad*, 516 F.3d 122, 130 (2d Cir. 2008), while also making reference to the seriousness of his weapons-related violations. Additionally, the District Court made such a determination after hearing from Holbdy's counsel — who argued that Holbdy should receive a below-Guidelines sentence — and from Holbdy himself. *See United States v. Fernandez*, 443 F.3d 19, 29 (2d Cir. 2006) ("A court's reasoning can often be inferred by comparing what was argued by the parties . . . with what the judge did." (cleaned up)), *abrogated on other grounds by Rita*, 551 U.S. 338. In the absence of anything in the record suggesting that the District Court failed to consider the statutory factors, we decline to find that its stated reasons were so insufficient to constitute procedural unreasonableness.

## IV.

Holbdy next argues that the District Court's sentence was substantively unreasonable because the sentence "grossly overstated" his criminal history and fails to account for the seven years Holbdy already served in state prison for the new criminal conduct at the heart of his revocation proceedings. As we have stated before, we will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (cleaned up). Sentences are substantively unreasonable only when they "are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *Broxmeyer*, 699 F.3d at 289 (internal quotation marks omitted). This is not such a case.

"In the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Watkins*, 667 F.3d 254, 261 (2d Cir. 2012) (cleaned up). While the fact that a sentence is within the advisory Sentencing Guidelines range does not itself create a presumption of reasonableness, upon review of the record, we decline here to conclude that this is one of those "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189-90 (cleaned up). Under the "totality of the circumstances," *id.* at 190, we cannot conclude that Holbdy's bottom-of-Guidelines sentence is "unsupportable as a matter of law" such that affirming the sentence "would damage the administration of justice," *Broxmeyer*, 699 F.3d at 289 (internal quotation marks omitted).

## V.

We have considered all of Holbdy's remaining arguments and find them to be without merit. For the foregoing reasons, therefore, we **AFFIRM** the January 21, 2021 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk