*United States v. Waldstein*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of September, two thousand twenty-one.

PRESENT:

> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> *Circuit Judges,*
> PAMELA K. CHEN,*
> *District Judge.*

---

UNITED STATES OF AMERICA

*Appellee,*

v.                                                                                  No. 20-3382

NOAH WALDSTEIN,

*Defendant-Appellant.*

---

*Pamela K. Chen, District Judge for the Eastern District of New York, sitting by designation.

**For Appellee:**  T. Josiah Pertz, Olga I. Zverovich, Assistant United States Attorneys, *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY.

**For Appellant:**  Yuanchung Lee, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Seibel, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Noah Waldstein appeals from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*) revoking his term of supervised release and sentencing him to a new term of 366 days' imprisonment, followed by an additional term of supervised release of one year and 364 days.   Waldstein argues that his sentence was substantively unreasonable because the sentencing judge did not properly consider his troubled upbringing, his drug addiction, and the fact that he received conflicting guidance from his probation officer concerning whether the terms of his supervised release required him to enter inpatient substance abuse treatment.   We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"Sentences for violations of supervised release are reviewed under the same

standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) (internal quotation marks and citations omitted). We review challenges to the substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). We show great deference to how the district court weighed the sentencing factors, considering only "whether [a sentencing] factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." *Id.* at 191. It is only when a sentence is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law" that we will vacate the district court's considered judgment at sentencing. *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Here, we find no substantive error in the sentence imposed by the district court. Although Waldstein argues that the sentencing judge should have focused foremost on the breach of trust associated with his violations of supervised release, and not on retribution, the record demonstrates that the district court did precisely that. *See* App'x 183 ("I'm sentencing for the breach of trust, not the original offense conduct."). Since the original sentence required that Waldstein participate in mental health treatment and outpatient substance abuse treatment programs as conditions of his supervised release, Waldstein's blatant defiance of those conditions constituted a serious breach of that trust.

Indeed, the district judge observed that Waldstein's "contempt for the law and his obligations" gave her great concern. *Id.* at 186. We cannot say that such concern was unfounded.

Waldstein next contends that his sentence was substantively unreasonable because the district court overlooked or gave insufficient weight to his difficult childhood, his marijuana addiction, and his reliance on his probation officer's initial assurance – later countermanded by the judge – that he did not need to enter into an inpatient care facility. But while Waldstein argues that these potential mitigating factors should have resulted in a lesser sentence, the record reflects that the district court considered each of these factors before imposing the sentence. The district court nevertheless concluded that Waldstein's ten failed drug tests, his failure to appear at sixty-eight substance abuse treatment sessions, his history of violence, and his aggressive behavior that resulted in his discharge from his inpatient care facility outweighed these other considerations. Although Waldstein may disagree with the district court's balancing of these factors and the weight it accorded to each, we see no reason to second guess the court's judgment. Ultimately, we cannot say that the sentence imposed by the district court was shockingly high or otherwise unsupportable as a matter of law.

We have considered the remainder of Waldstein's arguments and find them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court