21-3076-cr
*United States v. Frith*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand twenty-three.

PRESENT:
> BARRINGTON D. PARKER,
> JOSEPH F. BIANCO,
> > *Circuit Judges*,
> JED S. RAKOFF,
> > *District Judge.*\*

---

United States of America,
> *Appellee*,

v.                                                                                21-3076-cr

Simeon Frith,
> *Defendant-Appellant*.

---

FOR DEFENDANT-APPELLANT:      AMEER BENNO, Benno & Associates, P.C., New York, NY.

FOR APPELLEE:      JESSICA FEINSTEIN (David Abramowicz, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for

---

\* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-Appellant Simeon Frith appeals from the district court's judgment, entered on December 14, 2021, revoking his supervised release and sentencing him to four years' imprisonment, followed by a three-year term of supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

Frith's underlying conviction related to his participation in the kidnapping, robbery, and resulting murder of an individual. On August 7, 2020, in connection with such conduct, the district court sentenced Frith to eighty-four months' imprisonment, to be followed by three years' supervised release.

On December 23, 2020, following his release from prison, Frith began his term of supervised release. Approximately six months later, the United States Probation Department submitted a report to the district court alleging multiple violations by Frith of his conditions of supervised release, including: Simple Assault in violation of Pennsylvania Crimes Code § 2701(A)(1) (Specification 1); Strangulation in violation of Pennsylvania Crimes Code § 2718(A)(1) (Specification 2); Leaving the Judicial District without Permission of the Court or Probation Officer (Specification 3); and Use of a Controlled Substance, to wit, Marijuana

2

(Specification 4). The alleged conduct in Specifications 1–3 related to Frith's travel from New York to Pennsylvania, where, on April 28, 2021, he allegedly assaulted his then-girlfriend (the "Victim"), grabbing her by the throat, picking her up off the ground, and causing her to gasp for air. At his appearance on this initial violation report, on August 19, 2021, the district court did not detain Frith, but directed that he was not to have any further contact with the Victim. On September 29, 2021, the government filed a letter asking the district court to detain Frith because, on September 20, 2021, he had allegedly travelled to the Victim's residence and raped her. On September 30, 2021, the district court conducted a detention hearing and detained Frith pending his hearing date on the charged violations of supervised release. On October 18, 2021, the Probation Department filed an Amended Violation Report that added Specification 5, which alleged that Frith had raped the Victim in violation of Pennsylvania Crimes Code § 3121.

On November 2, 2021, Frith pled guilty to Specifications 3 and 4. Following a revocation hearing, the district court found Frith guilty regarding the remaining specifications. On December 14, 2021, the district court sentenced him to four years' imprisonment, followed by a three-year term of supervised release, for the violations. This appeal followed.

On appeal, Frith challenges both the procedural and substantive reasonableness of his sentence, which we review under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks and citation omitted). This same standard applies to sentences that have been imposed following the revocation of supervised release. *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018). As set forth below,

3

we conclude that the district court did not abuse its discretion, procedurally or substantively, in imposing its sentence.

## I. Procedural Reasonableness

With respect to Frith's challenge to the procedural reasonableness of his sentence, he argues that the district court erred because it: (1) "either did not consider the Sentencing Guidelines at all, or failed to take the correct range into account"; and (2) sentenced Frith "based on speculation," as it relied on an unsupported factual finding. Appellant's Br. 20–21. We find both arguments unpersuasive.

"A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [Section] 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (internal quotation marks and citation omitted). Where, as here, a defendant failed to raise any procedural objections during the sentencing hearing, we review for plain error.[1] *United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008).

First, we find unpersuasive Frith's contention that the district court failed to consider the advisory Sentencing Guidelines range for his supervised release violations. Chapter Seven of the

---

[1] Under the plain error standard, "an appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [the defendant's] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration adopted) (internal quotation marks and citations omitted).

Guidelines sets forth policy statements with advisory sentencing ranges of imprisonment for various supervised release violations. *See* U.S.S.G. § 7B1.4; *Verkhoglyad*, 516 F.3d at 128 ("In formulating sentencing ranges for violations of probation and supervised release, the Sentencing Commission specifically limited itself to policy statements rather than formal guidelines."). Even prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), these policy statements, including the accompany sentencing ranges, were advisory. *Verkhoglyad*, 516 F.3d at 128. Here, the record reflects that the various sentencing submissions that the district court reviewed, including the Amended Violation Report, correctly stated that the advisory range was thirty-to-thirty-seven months' imprisonment and there is no indication in the record that the district court failed to consider that advisory range. *See* App'x at 492–93 (district court referencing the content of the Amended Violation Report).

Frith argues that "during the sentencing proceeding, Judge Cote stated that 'the range in which she was focused' was 'between three years' imprisonment and five years' imprisonment,'" and "[i]t therefore appears that the district court either did not consider the Sentencing Guidelines at all, or failed to take the correct range into account." Appellant's Br. at 20 (alteration adopted) (quoting App'x at 495). We disagree. The district court's statement must be considered in its full context. In particular, at the beginning of the sentencing proceeding, the district court first summarized Frith's serious breaches of the supervised release conditions and then explained:

> So I am trying to figure out where, between three years' imprisonment and five years' imprisonment, I should be choosing the right sentence here. That's where my head is at. I haven't made any decision, so feel free, defense counsel, to argue no imprisonment, but when I came on the bench, *that was the range in which I was focused, having read everybody's submissions*. And I think, having talked with

5

probation, they're at the lower end of the range I was focusing on, but they will speak for themselves.

App'x at 495 (emphasis added). Thus, from that context, it is abundantly clear that the district court, in using the term "the range," was not referencing its understanding of the advisory Guidelines range, but rather was noting its own range of the potential sentence after its review of the written submissions, and was providing the parties and the Probation Department that information as a frame of reference before they each stated their position at the sentencing.

Moreover, although the district court did not explicitly mention the advisory range during the sentencing, we have repeatedly held that, in the absence of record evidence suggesting otherwise, we presume "that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007). Therefore, "we will not assume, simply from the fact that the district court did not [explicitly] reference the [applicable] sentencing range . . . that it failed to satisfy its . . . obligation." *Verkhoglyad*, 516 F.3d at 129. In short, it is not "clear or obvious" from the record that the district court failed to consider the correct Guidelines range. *Marcus*, 560 U.S. at 262 (internal quotation marks and citation omitted). Accordingly, Frith's procedural challenge with respect to the district court's consideration of the Guidelines fails under plain error review.

We are also unpersuaded by Frith's argument that the district relied on an unsupported factual finding in arriving at his sentence—namely, "that [he] 'did not explain honestly to Probation what he was doing and where he was living.'" Appellant's Br. at 21 (alteration adopted) (quoting App'x at 494). There was ample evidence in the record to support that finding. With

6

regard to "what he was doing," Probation Officer Rivera testified that, in July 2021, Frith told her that he had gone to Hazleton, Pennsylvania, "to his mother's house to get his birth certificate" and denied any police contact. App'x at 231–32. However, at the revocation hearing, Officer Rivera testified that she later learned from the Hazelwood Police Department that Frith was there to see the Victim and had "barged into her residence." *Id.* at 232. Officer Rivera also testified that she learned from the Victim that Frith had visited the Victim in Hazleton a few months prior to this incident, in April 2021, when he assaulted and strangled her. *Id.* at 232–34; *see also id.* at 113–21 (Victim testifying at Frith's revocation hearing about Frith's April visit to her residence). Moreover, regarding "where he was living," Frith reported to Officer Rivera that he was living in the Bronx, with his aunt and her husband. *Id.* at 474. However, the Victim testified at Frith's revocation hearing that he had a residence in New Jersey, where she visited him. *Id.* at 137–38. In addition, Frith himself stated at his sentencing that he would sometimes stay at a friend's house in the Bronx. *Id.* at 508. Therefore, we discern no error in the district court's factual finding regarding his lack of truthfulness with the Probation Department.

## II.    Substantive Reasonableness

Frith also argues that the sentencing court abused its discretion in imposing a substantively unreasonable sentence. Specifically, he contends that the district court abused its discretion by "imposing a sentence on the revocation of supervised release that exceeded the highest range of the federal Sentencing Guideline applicable to [] Frith's circumstances—[thirty] to [thirty-seven] months—while failing to enunciate any rationale for the steep departure." Appellant's Br. at 4. We disagree.

7

This Court will hold that a sentence is substantively unreasonable only when it is "so 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law' that allowing [it] to stand would 'damage the administration of justice.'" *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)). As a result, "we will set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Rigas*, 583 F.3d at 122 (alteration adopted) (internal quotation marks and citation omitted).

First, Frith asserts that the district court abused its discretion when it improperly enhanced the sentence because of the rape specification and that the enhancement "served to 'sanction [him] for the particular conduct triggering the revocation as if that conduct were being sentenced as new federal criminal conduct,' despite the fact that the Sentencing Commission rejected that approach in formulating its Guidelines." Reply Br. at 7 (quoting U.S.S.G. ch. 7, pt. A, intro. cmt.3(b)). As an initial matter, the district court expressly stated that "[its] sentence . . . would be the same whether [it] had acquitted [Frith] of the strangulation and rape or not." App'x at 512. In any event, "we have repeatedly recognized that while the primary purpose of a revocation hearing is to 'sanction primarily the defendant's breach of trust,' a district court may take into account, 'to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.'" *United States v. Degroate*, 940 F.3d 167, 178–79 (2d Cir. 2019) (quoting *United States v. Sindima*, 488 F.3d 81, 86 (2d Cir. 2007), in turn quoting U.S.S.G. ch. 7, pt. A. intro. cmt. 3(b)).

Here, there is no indication that the district court's sentence reflected an effort to punish him for the underlying criminal conduct that formed the basis for the violations, including the

8

rape. Indeed, the district court emphasized that, even independent of the strangulation and the rape, Frith "was violent to the victim, [] disobeyed direct orders, [] did not cooperate with the probation department in the way that [the district court] expected and in the way that is required." App'x 512; *see also id*. at 494 (noting that Frith "showed himself unworthy of trust, incapable of following orders during these months he's been on supervised release"). Moreover, the district court explained that its two main concerns in arriving at the "right sentence" were: (1) making "it clear to [Frith] that he has to grow up here, take responsibility for his behavior, his decisions, his life, and choose a different path"; and (2) "the safety of the community." App'x at 495. Those articulated concerns demonstrate that the district court was not focused on punishment for the underlying criminal conduct, but rather on deterring Frith's criminal conduct and protecting the community, which are 18 U.S.C. § 3553(a) factors that the district court may consider in the context of a sentencing on a supervised release violation. *See* 18 U.S.C. § 3583(e) (referencing Section 3553(a)(2)(B) and (C)).

Accordingly, we conclude that the district court did not abuse its discretion due to any improper overreliance on Frith's rape specification for sentencing purposes.[2]

Frith further contends that the district court's sentence is substantively unreasonable because it failed to properly consider his mitigating factors, including his personal "history and

---

[2] With regard to the rape specification, Frith also suggests that the district court may have improperly considered, in its sentencing decision, testimony from the victim at the violation hearing (as to which there was no objection) relating to two other alleged non-consensual sexual encounters that Frith had with the victim. Those other encounters were not mentioned at the sentencing and Frith points to nothing in the record to suggest that the district court considered them in any way in arriving at its sentence. Accordingly, any suggestion that the district court improperly considered that testimony at sentencing is entirely speculative and does not provide a basis for remand.

characteristics" or "the nature and circumstances of the offense" as required under 18 U.S.C. § 3553(a)(1). That contention is contradicted by the record. For example, at sentencing, the district court acknowledged several of the mitigating factors proffered by Frith including his "complex relationship" with the victim, App'x at 494, and the fact that there was "no evidence that [Frith] reengaged with gang life or drug distribution in any way," *id.* at 512. Moreover, the district court stated that, among other documents, it had reviewed the sentencing submission from defense counsel, a letter from Frith and a letter from Frith's mother, all of which also outline mitigating factors relevant to Frith's circumstances. In essence, Frith simply disagrees with the district court's assessment of the weight to be given to the applicable Section 3553(a) factors, but "the weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable." *Verkhoglyad*, 516 F.3d at 131 (internal quotation marks and citation omitted). Here, in light of the record and the reasons for the sentence provided by the district court, we conclude that the sentence is not "shockingly high," *Rigas*, 583 F.3d at 123, even in the context of the mitigating factors asserted by Frith. Accordingly, we conclude that the sentence was substantively reasonable.

\*　　　　　　　\*　　　　　　　\*

We have considered Frith's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10