*United States v. Davis*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand twenty-six.

PRESENT:
REENA RAGGI,
MYRNA PÉREZ,
SARAH A. L. MERRIAM
*Circuit Judges*.

———————————————————————

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                     No. 25-1968

REINALDO DAVIS,

*Defendant-Appellant*.

———————————————————————

1

FOR APPELLEE:
VINCENT CHIAPPINI (Amy Busa, *on the brief*), Assistant United States Attorneys, *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT:
GILA GLATTSTEIN, Law Student, FONDA SHEN, Law Student (Lindsay Ragsdale, Law Student, Fiona Doherty, Jerome N. Frank Legal Services Organization, Daniel Habib, Federal Defenders of New York, *on the brief*), Jerome N. Frank Legal Services Organization, New Haven, CT.

Appeal from the July 30, 2025 judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **VACATED in part and the case is REMANDED**.

Defendant-Appellant Reinaldo Davis appeals from the District Court's judgment revoking his term of supervised release, sentencing him to 18 months' imprisonment and 24 additional months of supervised release, and imposing conditions of supervised release that, inter alia, require him to comply with the Probation Department's Computer and Internet Monitoring Program ("CIMP"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we reference only as necessary to explain our decision to vacate the relevant part of the District Court's judgment.

## I.  Background

Davis pled guilty in the District of Vermont to distribution of cocaine base in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C).  He was sentenced to a prison term of eighteen months' imprisonment and three years' supervised release.  Upon finishing his term of imprisonment, Davis's supervision was transferred to the Eastern District of New York.  After his release, Davis's Probation Officer issued a violation of supervised release ("VOSR") report, alleging that Davis violated four conditions of his supervised release. Relevant here, the report alleged that Davis committed rape[1] and thus violated the release condition prohibiting him from committing another federal, state, or local crime.

The District Court held a revocation hearing, prior to which the government sought to admit four out-of-court statements related to the alleged rape: "(1) a recording of the 911 call reporting the rape; (2) video footage from a police officer's body-worn camera, recording the Victim's statements in the hours after the rape occurred; (3) the Victim's statements to a U.S. Probation Officer a week after the rape; and (4) text messages between the Victim and Defendant shortly after the rape."  App'x at 54.  The District Court admitted these statements over Davis's objection and, relying primarily on this evidence, concluded that "[t]he Government presented sufficient evidence at the revocation hearing to prove by a preponderance of the evidence [Davis] raped or committed sexual misconduct against the Victim."  *Id.* at 189–91.

---

[1]  Davis was not charged in state court with any offense arising out of the alleged rape.

Having found that Davis violated his conditions of supervised release, the District Court imposed a sentence of 18 months' imprisonment followed by 24 months of supervised release. The District Court also imposed conditions of supervised release including, inter alia, that Davis comply with the Probation Department's CIMP requirements. The CIMP conditions require Davis to allow Probation to install monitoring software and hardware on his electronic devices that "is authorized to capture and analyze all data processed by and/or contained on the device including the geolocation of the device." *Id.* at 244.

## II.    **Standard of Review**

We "review admissibility determinations made during a revocation hearing for abuse of discretion," *United States v. Diaz*, 986 F.3d 202, 208 (2d Cir. 2021), and we likewise "review the court's balancing of the Rule 32.1 factors for abuse of discretion," which "encompasses clearly erroneous findings of fact and misapplications of the law," *United States v. Williams*, 443 F.3d 35, 46 (2d Cir. 2006). Our review of the District Court's sentencing determination and its imposition of the CIMP condition is likewise for abuse of discretion. *See United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) (sentence); *United States v. Lewis*, 125 F.4th 69, 74 (2d Cir. 2025) (conditions of supervised release). Where a defendant had a meaningful opportunity to raise an objection before the district court and failed to do so, our review of that objection on appeal is for plain error. *See United States v. Ramos*, 979 F.3d 994, 998 (2d Cir. 2020); *United States v. McAdam*, 165 F.4th 688,

4

695–96 (2d Cir. 2026).

## III.    Discussion

On appeal, Davis challenges (1) the District Court's decision to admit the four out-of-court statements over his objection; (2) the District Court's imposition of an 18-month term of imprisonment and a 24-month term of supervised release; and (3) the District Court's imposition of the CIMP conditions.  Because the District Court did not make findings sufficient to allow this Court to review its challenged admission of evidence, and because that decision may have informed its finding as to the supervised release violation—which, in turn, may have informed its sentencing decision—we vacate the District Court's judgment in as to Violation One and as to the sentence and we remand for further proceedings consistent with this order.[2]

### A.  Admission of Out-of-Court Statements as Evidence

The District Court abused its discretion by admitting the four out-of-court statements without making adequate findings of good cause pursuant to Rule 32.1(b)(2)(C) of the Federal Rules of Criminal Procedure.[3]  Under Rule 32.1(b)(2)(C), "at

---

[2]    Davis has not challenged the District Court's finding that he violated three additional conditions of supervised release.  *See* App'x at 191–94.  We therefore affirm the District Court's judgment as to those three violations.

[3]    The government urges that the 911 call was appropriately admitted for limited purposes because it fell within the hearsay exception for excited utterances.  *See* Fed. R. Evid. 803(3).  However, the District Court stated that it was admitting "the entirety of the 911 call" because it concluded that "the Government [met] the good cause showing required by Fed. R. Crim. P. 32.1(b)(2)(C)."  App'x at 58.  Because we conclude the District Court's Rule 32.1 analysis was insufficient, we need not express a view as to whether, and for what purposes, the 911 call could be considered under the excited utterance exception.

5

a revocation hearing, a defendant is entitled to 'an opportunity to . . . question any adverse witness unless the court determines that the interest of justice does not require the witness to appear.'" *United States v. Harris*, 838 F.3d 98, 108 (2d Cir. 2016) (quoting Fed. R. Crim. P. 32.1(b)(2)(C)). That rule reflects the understanding that, while "defendants in [VOSR] proceedings are not entitled to 'the full panoply of rights' that criminal defendants generally enjoy," they nonetheless have "'the right to confront and cross-examine adverse witnesses (unless the [court] specifically finds good cause for not allowing confrontation).'" *United States v. Carthen*, 681 F.3d 94, 99–100 (2d Cir. 2012) (alterations in original) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480, 489 (1972)).

Accordingly, if a proffered hearsay statement "would be inadmissible under the Federal Rules of Evidence, a determination of 'good cause' requires the court to balance 'the defendant's interest in confronting the declarant[] against[] . . . the government's reasons for not producing the witness and the reliability of the proffered hearsay.'" *Id.* (alterations in original) (quoting *Williams*, 443 F.3d at 45). A district court abuses its discretion in its balancing of the Rule 32.1 factors "when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision . . . cannot be located within the range of permissible decisions." *Id.* (quoting *United States v. Jones*, 299 F.3d 103, 112 (2d Cir. 2002)).

The District Court recited the appropriate legal standard, *see* App'x at 55–56, and identified the four out-of-court statements, *see id.* at 56–62. However, apart from a few

6

passing references to reliability, the Court did not discuss any of the three factors it was required to balance: (1) the Court made no mention of the reasons for the declarants' unavailability; (2) the Court did not analyze the strength of Davis's confrontation interests; (3) and the Court provided only glancing reference to the reliability of these four out-of-court statements. Because it did not make any material findings, or conduct any relevant balancing analysis, the District Court failed to "specifically find[] good cause" for admitting the out-of-court statements without allowing Davis to confront the declarants. *Morrisey*, 408 U.S. at 489.

Significantly, we do not conclude whether, on the current record, no court could have concluded that some, or all, of the out-of-court statements were admissible under Rule 32.1(b)(2)(C). Indeed, we have affirmed admission of hearsay evidence made by declarants who feared reprisal due to the defendant's "history of domestic violence in general, and against [the declarant] specifically." *See United States v. Peguero*, 34 F.4th 143, 155–56 (2d Cir. 2022). But where, as here, the District Court failed to identify a reason for any declarant's unavailability, let alone find good cause for the absence, we cannot conclude that it conducted the analysis required by Rule 32.1(b)(2)(C).

Because we conclude the District Court abused its discretion by admitting the four out-of-court statements without making required findings under Rule 32.1(b)(2)(C), we therefore vacate the District Court's finding that Davis violated his conditions of

supervised release by committing rape or sexual misconduct in violation of New York law, and we remand for further proceedings consistent with this order. *See* App'x at 189.

## B. Davis's Sentence and Conditions of Supervised Release

Because the vacated violation may have informed Davis's sentence, we likewise vacate the sentence and the additional conditions of supervised release imposed by the District Court. We emphasize two further points pertaining to sentencing proceedings on remand. First, the District Court "cannot consider [18 U.S.C.] § 3553(a)(2)(A) when revoking supervised release." *See Esteras v. United States*, 606 U.S. 185, 195 (2025). Second, we emphasize that "[t]he imposition of a special condition affecting a cognizable liberty interest must be 'supported by particularized findings that it does not constitute a greater deprivation of liberty than reasonably necessary to accomplish the goals of sentencing.'" *United States v. Sims*, 92 F.4th 115, 124–25 (2d Cir. 2024) (quoting *United States v. Matta*, 777 F.3d 116, 123 (2d Cir. 2015)). Indeed, "[i]n light of the constitutional rights implicated by conditions of supervised release permitting monitoring of computer devices or restricting access to the internet, we have repeatedly emphasized that such conditions must be 'narrowly tailored' and 'robustly supported' by a district court." *United States v. Oliveras*, 96 F.4th 298, 316 n.8 (2d Cir. 2024) (quoting *United States v. Eaglin*, 913 F.3d 88, 91, 98 (2d Cir. 2019)). Accordingly, "we have not hesitated to remand monitoring conditions where a less intrusive condition appeared to be a 'viable option' and the record 'd[id] not explain why such [an alternative condition] was insufficient.'" *Id.* (quoting

8

*Eaglin*, 913 F.3d at 98) (alterations in original). On remand, the District Court must ensure any sentencing decision pertaining to conditions of supervised release complies with these standards.

## IV.   Conclusion

We have considered the government's remaining arguments and find them to be without merit. Accordingly, we **VACATE** the judgment of the District Court in part and **REMAND** for proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court