23-6604-cr
*United States v. Gero*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of September, two thousand twenty-four.

Present:

> BARRINGTON D. PARKER, JR.,
> WILLIAM J. NARDINI,
> BETH ROBINSON,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                    23-6604-cr

AARON GERO,

*Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellee: | Michael P. Drescher, Gregory L. Waples, Assistant United States Attorneys, *for* Nikolas P. Kerest, United States Attorney for the District of Vermont, Burlington, VT. |
| For Defendant-Appellant: | Barclay T. Johnson, Assistant Federal Public Defender (Michael L. Desautels, Federal Public Defender for the District of Vermont), Burlington, VT. |

1

Appeal from a judgment of the United States District Court for the District of Vermont (Christina Reiss, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Aaron Gero appeals from a judgment of the United States District Court for the District of Vermont (Christina Reiss, *Chief Judge*) entered on May 11, 2023, following his guilty plea to a violation of the conditions of his supervised release. Gero pleaded guilty in 2016 to one count of distributing heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and was sentenced to 59 months of imprisonment followed by five years of supervised release. Since Gero concluded his custodial term and began his term of supervised release in 2019, he has violated the conditions of his release several times, leading the district court to revoke his release on three different occasions. Most recently, after Gero pleaded no contest to a domestic assault charge in Vermont state court, the district court sentenced him to two years of imprisonment and a new, seven-year term of supervised release. Gero now appeals that sentence, contending that the imposition of an additional period of supervised release was both procedurally and substantively unreasonable. We assume the parties' familiarity with the case.

"Sentences for violations of supervised release are reviewed under the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018).[1] We review the reasonableness of a sentence "under a deferential abuse-of-discretion standard." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020).

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

## I.        Procedural Reasonableness

Gero first argues that the district court committed procedural error by failing to provide a separate rationale for imposing the seven-year term of supervised release and instead providing one explanation for both the custodial and supervised release portions of the sentence.  Because Gero did not raise this procedural challenge at sentencing, we review for plain error.  *See Smith*, 949 F.3d at 66.  Under this standard, Gero must show that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  *United States v. Moore*, 975 F.3d 84, 90 (2d Cir. 2020).

"A sentence is procedurally unreasonable if," as relevant here, "the district court . . . fails adequately to explain the chosen sentence."  *United States v. Hunt*, 82 F.4th 129, 142 (2d Cir. 2023).  In general, district courts need not "undertake a separate recitation of the basis for each part of the sentence imposed."  *United States v. Williams*, 998 F.3d 538, 541 (2d Cir. 2021).  Moreover, where the district court sentences for a violation of supervised release, rather than a primary offense, we typically "require less rigorous specificity" in its explanation for the sentence.  *United States v. Aldeen*, 792 F.3d 247, 253 (2d Cir. 2015), *superseded by statute on other grounds as recognized in Smith*, 949 F.3d at 64.  However, "where a district court bases a term of incarceration substantially upon the seriousness of the offense," *i.e.*, where retribution is the "principal articulated basis" for the custodial sentence, "it would be advisable for the district court to separately state its reasons for the term of supervised release imposed."  *Williams*, 998 F.3d at 541–42.  This "narrow exception" recognizes that "retribution is a proper justification for a term of imprisonment but not for supervised release."  *Id.* at 541.

3

We conclude that the district court committed no procedural error, much less plain error, because it clearly articulated specific reasons for imposing an additional period of supervised release.

The district court discussed at length that its concern for public safety was the primary basis for imposing the seven-year term of supervised release, which Gero himself acknowledges in his brief. Appellant's Br. 23 (asserting that the district court's "*only* articulated reason" for the new term of supervised release was "the need to protect the public" (emphasis added)). For example, the district court noted that the victim of Gero's domestic assault—a woman with whom Gero admitted he had an "extremely volatile [and] toxic" relationship—suffered "very significant injuries" from that assault, including a "brain bleed," and needed to be "air-lifted to the medical center" for treatment. J.A. 45, 50, 52.[2] The district court also noted that law enforcement officers "were very concerned about her returning back" to Gero after her release from the hospital, and that her children told the officers that they were afraid of Gero because of what they had seen him do to their mother. *Id.* at 50. In light of those facts, the district court stated, "I see a public safety component. I don't see why there would be no supervised release to follow." *Id.* The district court went on to explain to Gero, "[T]his [sentencing] isn't just about you. It's also about protecting the community and making sure this behavior does not happen, and if there is a possibility that it's going to happen, we know where you are, what you're doing, and that this could not happen again." *Id.* at 50–51.

---

[2] Although Gero pleaded no contest to the state domestic assault charge arising from this incident, he maintained during the hearing for revocation of supervised release that he did no more than push the victim. He stated that while he was attempting to walk away from her amid an argument, he "pushed her to get her out of the way" because she was blocking the door. J.A. 47. He insisted that he did not cause her severe injuries, stating, "I didn't do that. I don't beat women. I never have. I never will." *Id.* at 56. Citing certain inculpatory evidence in the record, including medical records and statements made to law enforcement, the district court stated that it did not believe Gero's account of the incident.

Further, after the government suggested that additional supervision might not be effective given Gero's track record of violating the conditions of his release, the district court pushed back. While it acknowledged that Gero had repeatedly violated the conditions of his release, it expressed concern that he had exhibited a history of violent behavior that was directed toward not only his former partner, but also others. The district court noted, for example, that Gero had previously been arrested on a different charge involving "a serious domestic assault," *id.* at 59, and that he had been involved in several incidents, including fights, while in custody. Considering Gero's history of violence, the district court worried that if it did not impose additional supervised release, and Gero then committed a new crime, someone could be seriously injured before law enforcement authorities could intervene. And just before imposing the sentence, the district court directly addressed Gero and explained why it determined that additional supervised release was necessary:

> I think that you do not do well on supervised release, but you are getting older, and as long as this risk is out here with this particular person [that is, Gero's former partner] and similar circumstances, you pose a risk to the community that has to be addressed by some mechanism, and I think supervised release is the way to go.

*Id.* at 67. Accordingly, the district court did not commit any procedural error, let alone plain error.

## II. Substantive Reasonableness

Gero also argues that the imposition of a new, seven-year term of supervised release was substantively unreasonable. When reviewing a sentence for substantive reasonableness, we analyze the "totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *United States v. Brown*, 843 F.3d 74, 80 (2d Cir. 2016).[3] "A sentence is substantively unreasonable if it cannot be

---

[3] Gero did not challenge the substantive reasonableness of his sentence before the district court. Although, as noted above, this Court applies plain error review to unpreserved challenges to the procedural reasonableness of a sentence, *see, e.g.*, *Smith*, 949 F.3d at 66, we have not decided whether that standard also applies to unpreserved substantive

5

located within the range of permissible decisions, if it shocks the conscience, or if it constitutes a manifest injustice." *Williams*, 998 F.3d at 542. In applying this standard, we may consider, for example, "whether a factor relied on by a sentencing court can bear the weight assigned to it." *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (en banc).

Here, Gero contends that the district court placed undue weight on the need to protect the public. He notes that neither the parties nor Gero's probation officer sought an additional period of supervised release. Further, he contends that "there is no principled distinction between the efficacy" of a term of three-and-a-half years—the approximate time remaining on his prior, five-year term of supervised release when he was arrested for his latest violation of supervised release— and a term of seven years. Appellant's Br. 23. These arguments are unavailing.

The district court's imposition of a seven-year term of supervised release was squarely within the range of permissible decisions and thus substantively reasonable. Gero's underlying offense carried a minimum supervised release term of three years and no maximum term. *See* 21 U.S.C. § 841(b)(1)(C); *see also Brooks*, 889 F.3d at 99 ("We have interpreted the presence of a mandatory minimum term in 18 U.S.C. § 841(b), without a maximum, to allow the district court to impose up to lifetime supervised release notwithstanding the limits of section 3583(b)."). The Guidelines provide for a period of supervised release up to the maximum authorized by statute for the underlying offense, less any term of imprisonment imposed upon revocation of supervised release. *See* U.S.S.G. § 7B1.3(g)(2). Thus, the seven-year term of supervised release was both authorized by statute and within the advisory Guidelines range. As this Court has recognized, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad

challenges, *see United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014). We need not resolve that question here, because Gero's challenge fails even under the less rigorous abuse-of-discretion standard.

6

range of sentences that would be reasonable in the particular circumstances." *United States v. Betts*, 886 F.3d 198, 201 (2d Cir. 2018). This case is not one of the exceptions to that general rule. Given the severity of the assault at issue, Gero's record of violent behavior, and his repeated violations of his release conditions, we cannot say that the district court unreasonably weighed the threat that Gero posed to the public. Moreover, while we recognize that neither the parties nor the Probation Department recommended additional supervision, the district court had the "power to impose a sentence independent of the parties' arguments and [the] recommendations of [the] PSR." *United States v. Johnson*, 221 F.3d 83, 95 (2d Cir. 2000). The mere fact that the district court—in the exercise of its independent judgment—reached a different conclusion as to the need for additional supervision in no way undermines the validity of that judgment.

* * *

We have considered Gero's remaining arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

7