*United States v. Duprey*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand twenty-five.

PRESENT:
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

───────────────────────────────────

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                         No. 24-2410

JOSE DUPREY, a.k.a. Red,

> *Defendant-Appellant.*\*

───────────────────────────────────

───────────────────────

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

For Appellee:                           Brendan Keefe (Conor M. Reardon, *on the brief*), Assistant United States Attorneys, *for* David X. Sullivan, United States Attorney for the District of Connecticut, New Haven, CT.

For Defendant-Appellant             Joseph Patten Brown, III, Law Offices of Pat Brown, Avon, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 5, 2024 judgment of the district court is **AFFIRMED**.

Jose Duprey appeals from a judgment revoking his term of supervised release and imposing a below-Guidelines sentence of six-months' imprisonment. Duprey contends that his sentence is substantively unreasonable because it is "greater than necessary to meet the purposes of sentencing." Duprey Br. at 2. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

In 2008, Duprey pleaded guilty to two counts of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), for which he

received a sentence of 161 months' imprisonment, followed by six years of supervised release. He was released from federal custody in January 2020. On June 1, 2022, while he was on supervised release, Duprey was indicted on one count of conspiracy to distribute heroin, cocaine, cocaine base, and fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and(b)(1)(C) and 846, and one count of possession with intent to distribute at least 100 grams of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(i). On February 10, 2023, Duprey pleaded guilty to both counts pursuant to a plea agreement. On September 5, 2024, the district court sentenced Duprey to 135 months' imprisonment, to be followed by eight years of supervised release. *United States v. Duprey*, No. 3:22-cr-109 (D. Conn. Sep. 5, 2024), Doc. No. 599.

Immediately after sentencing in the new criminal case, Duprey was presented on the violation of supervised release associated with his 2008 conviction. During that proceeding, Duprey admitted to the violation, which mirrored the conduct in the 2022 indictment, and the court proceeded to sentencing. In the course of that proceeding, the court determined that the advisory Guidelines range for Duprey's violation would ordinarily be thirty-three to forty-one months, but that the statute for violations of supervised release

3

capped his maximum term of imprisonment at twenty-four months. 18 U.S.C. § 3583(e)(3). The government accordingly requested a twenty-four month consecutive sentence in light of Duprey's "tremendous violation of the court's trust," App'x at 37, and the fact that he had resumed distributing kilogram-amounts of narcotics while on supervised release for an almost-identical crime. Duprey countered that a twenty-four month consecutive sentence was greater than necessary, given that he had already received a 135-month sentence for the underlying felony and that his prior 161-month sentence, imposed subject to the Career Offender Guidelines, was likely longer than the sentence he would receive if he was sentenced today for similar conduct. Ultimately, the district court sentenced Duprey to six months' imprisonment – well below the advisory guidelines sentence – to run consecutively to the sentence imposed for the distribution charges.

On appeal, Duprey challenges the substantive reasonableness of his consecutive sentence, which he contends is "greater than necessary to meet the purposes of sentencing." Duprey Br. at 2. We disagree.

"Sentences for violations of supervised release are reviewed under the same standard as for sentencing generally: whether the sentence imposed is

4

reasonable." *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) (internal quotation marks and citations omitted). Reasonableness is reviewed "under a deferential abuse-of-discretion standard," *United States v. Betts*, 886 F.3d 198, 201 (2d Cir. 2018) (internal quotation marks and citations omitted), and we will reverse only in exceptional cases where the trial court's sentence "cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (internal quotation marks omitted).

The district court acted well within its discretion when it imposed a six-month consecutive sentence for Duprey's violation of supervised release. For starters, the advisory Guidelines recommend that a sentence imposed upon the revocation of supervised release should run "consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation." U.S.S.G. § 7B1.3(f) (policy statement). The Supreme Court has recently explained that this is because, "[i]n the context of a revocation hearing, the offense is the underlying crime of conviction, not the violation of the supervised-release conditions." *Esteras v. United States,* 606 U.S. 185, 193–94 (2025) (internal quotation marks omitted); *see also United States v. Ramos*, 979 F.3d 994,

5

1002 (2d Cir. 2020) ("A sentence for a violation of supervised release should primarily sanction the defendant's breach of trust, not the conduct constituting the violation itself." (internal quotation marks omitted)).

The district court also explained why a six-month consecutive sentence was justified in light of the sentencing objectives for violations of supervised release. While "[d]istrict courts may not consider the retributive purpose of [section] 3553(a)(2)(A) before revoking supervised release," they must weigh the other classic "purposes of sentencing," including the need for "incapacitation" and "deterrence[.]" *Esteras*, 606 U.S. at 203. That is what the district court did here, noting "the need for the sentence here to . . . protect the public from further crimes committed by [the defendant], the need to deter others from committing the offense [the defendant] committed, and the need to deter [him] from committing further offenses." App'x at 40. After concluding that the "most significant of these purposes in [Duprey's] case is specific deterrence," *id.*, the district court acknowledged that the long sentence imposed for the underlying felony, coupled with a variety of mitigating factors, supported the imposition of a well-below Guidelines sentence of six months. Nonetheless, given the fact that Duprey committed another drug offense "while [he was] on supervised release," the court

6

concluded that a six-month consecutive sentence was "sufficient but not greater than necessary" to provide "sufficient deterrence[.]" *Id.* at 40–41. On this record, we cannot say that the district court's sentence was "so shockingly high" or "otherwise unsupportable as a matter of law" that it would "damage the administration of justice." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). Accordingly, Duprey's substantive reasonableness challenge fails.

*     *     *

We have considered Duprey's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgments of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court.